CORNING v. RYAN, Administrator, etc.

1. The refusal of a probate court to allow a definite claim against an estate, when all the facts are before the court, is a final judgment or decision within the meaning of the statute (Laws 1872, p. 105), from which an appeal will lie to the district court.

2. A formal entry of judgment in such case, before an appeal will lie, is not required. An entry (R. S., p. 677, § 134) which plainly indicates the determination of the court to allow or disallow the claim is sufficient.

*Appeal from District Court of Larimer County.*

THE facts in this case are presented in the following stipulation, filed in the court below and made a part of the record.

"On motion to dismiss appeal and on the case, the following statement of facts is agreed upon as the facts in this case, and it is stipulated that the case be submitted to the court, a jury being waived on this statement and on the law:

1. Andrew Douty died May 15th, A. D. 1874, and that letters of administration were issued on said estate out of the probate court of Larimer county, Colorado, to Sylvester Douty, June 9th, 1874; that he continued as administrator until February 13, 1875, when he resigned and the defendant, John J. Ryan, was appointed administrator *de bonis non*, and is now such administrator.

2. That Sylvester Douty, as such administrator, gave the notice for the presentation of claims for allowance against said estate, fixing in such notice the 14th of December, 1874, as the time for the exhibition of demands against said estate.

3. That on Dec. 8th, 1874, the plaintiff George C. Corning filed in the said probate court, as a demand against said estate, the following note.

'Nine months after date, we jointly and severally promise to pay to George C. Corning or order, the sum of eleven hundred and eighty and seventy-five one hundredths dol-

lars, with interest at the rate of two per cent per month from date until paid, interest payable monthly, payable without defalcation or discount at the Boulder Bank, Boulder, Colorado.

(Signed)    SYLVESTER DOUTY,
ANDREW DOUTY.'

BOULDER, *Dec. 1st,* 1873.

That said note, when filed, was accompanied by the usual affidavit by plaintiff, dated Dec. 1st, 1874; that it was due and unpaid, and that $1,464.13 was then due on it after allowing all credits.

4. That on the 14th of Dec., 1874, the following entry was made in said cause by said probate court: 'Be it remembered that heretofore, to wit, on the 8th day of December, A. D. 1874, George C. Corning filed his claim for allowance against the estate of Andrew Douty, deceased, and this cause coming on to be heard, the court not being fully advised in the premises, it is considered and adjudged by the court, that this cause be, and stand continued until the next regular term of this court, to wit: the 8th day of February, 1875.' On the said 8th day of February, 1875, the following entry was made in said cause in said court: 'And now on this day comes the parties to this suit, and this cause coming on to be heard, and the court not being fully advised in the premises, it is considered by the court that this cause be and stand continued until the next regular term of this court, to wit, the 12th day of April, 1875.' On the 12th day of April, 1875, by the same kind of an entry the cause was continued to the 15th day of May, 1875, and on the said 15th of May, 1875, the following entry was made in the case. 'And now on this day comes the defendant by R. L. Rhodes, the attorney for said estate, and the plaintiff, being three times solemnly called, comes not, but makes default and the court being fully advised in the premises, it is ordered and adjudged by the court that the plaintiff, George C. Corning, do pay the costs of

this suit in and about the said suit in this behalf expended and that execution do issue therefor.

The case was not docketed at the succeeding terms, held in June, August and October. On the 2d day of December the plaintiff caused a notice, of which the following is a copy, to be served on John J. Ryan, the defendant, by the sheriff of Larimer county.

'George C. Corning, plaintiff, v. John J. Ryan, administrator of the estate of Andrew Douty, deceased. In the probate court of Larimer county, to December term, 1875. The above-named John J. Ryan will please take notice, that on Wednesday, the 15th day of December, 1875, or as soon thereafter as counsel can be heard, the undersigned will move the said probate court of Larimer county for a judgment upon the note heretofore presented in said court for allowance against you, the said John J. Ryan, as administrator of the estate of Andrew Douty, deceased, which note is as follows: 'Nine months after date, we jointly and severally promise to pay to George C. Corning or order, the sum of eleven hundred and eighty-eight and seventy-five one-hundredths dollars, with interest at the rate of two per cent per month from date until paid, interest payable monthly; payable without discount or defalcation, at the Boulder Bank, Boulder, Colorado.

(Signed)    SYLVESTER DOUTY,
    ANDREW DOUTY.'

BOULDER, *Dec. 1st*, 1873.

'Unless you then and there appear by yourself or counsel, I will move for judgment by default.'

Said notice was duly signed by plaintiff's attorneys, and was dated Nov. 26th, 1875, and served on Ryan, the defendant, personally, by copy, by the sheriff of Larimer county, December 2d, 1875, being eleven days before the first day of the December term of said probate court. On the 15th day of December, 1875, the plaintiff appeared in said court by his attorney and moved the court to allow said demand against the said estate, as of date of its original

presentation, that is, as of date Dec. 8th, 1874, against said estate, and as though said cause had been pending in said court since said date. Defendant appearing by counsel especially for the purpose of said motion resisted it, and the court, after argument, overruled the motion and refused to allow it; whereupon, on said day, the plaintiff prayed an appeal to this court, filed his bond, which was approved and brought the case to this court.

5. It is also admitted that no part of said note has been paid, that there are no offsets and that it was executed by Sylvester Douty and Andrew Douty.

6. The questions submitted arise on the above facts, which are all the facts of the case. If the court finds for the plaintiff the amount due to this date, Sept. 5th, 1876, is $1,963.97. It is stipulated that this statement be filed, and made part of the record of this cause."

Which stipulation was signed by the attorneys for the plaintiff and for the defendant and duly filed, and was all the testimony in the case.

By the terms of this stipulation, the case was submitted on the agreed facts therein, to be tried by the court without the intervention of a jury, and if the court should find for the plaintiff, the judgment was to be for the certain amount fixed by the stipulation. The defendant had filed a motion to dismiss the appeal on the ground that there was no such final judgment in the probate court as could be appealed from, and also that there had been a previous final judgment from which the plaintiff had failed to appeal. On the filing of his motion to dismiss the appeal, the plaintiff filed a cross motion for judgment upon the claim in his favor, and thereupon, on the same day, the whole case upon both motions was submitted upon the agreed facts as above set forth. The court, after hearing the case upon this evidence, overruled the motion of the plaintiff for judgment, and sustained the motion to dismiss the appeal, and thereupon rendered judgment against the plaintiff for costs with *procedendo* to the probate court.

Mr. GEO. D. REYNOLDS, and Mr. ALPHEUS WRIGHT, for appellant.

Messrs. HUGHES, WELBORN & BELFORD, for appellee.

STONE, J.  From the judgment of the court below, dismissing the appeal upon the agreed statement of facts, the plaintiff appeals to this court, and the sole question presented by the assignment of errors and upon the record is, "did the district court err in dismissing the appeal?"  If the case was properly pending in the district court, then upon the agreed facts there was an undisputed claim for a certain sum, for which the court was bound to render a judgment in favor of the plaintiff and against the defendant.  But since the court refused to render such judgment, we must infer that the sole reason for such refusal, and for dismissing the appeal was, that the case was not properly depending in that court.  Hence it becomes necessary for us to notice the character of the proceedings in the probate court and the appeal therefrom.  The claim of the plaintiff in the probate court was for the amount due on a promissory note, duly presented and to be allowed or disallowed against an estate.  The claim was verified, and no objection seems to have been made by the administrator, or any other person interested, and appears to have been presented in accordance with section 127 of the act concerning wills, executors and administrators, R. S., 676.  That section provides that if such objection be made to the claim, or if cause is shown by the claimant, the hearing may be continued, and the claim "be adjudicated as is required in other cases," that is to say in litigated cases; but without such objection the court is to determine it at the time, of which notice has been given.

In this case, although the claim does not appear to have been disputed, yet, as the claim was verified before the day set for hearing, a presumption might arise that the continuance was had on account of an objection to the allowance of the claim.  So far as the record shows, the court *ex mero*

*motu* continued the hearing for three successive terms, "not being fully advised in the premises," and at the fourth term after the presentation of the claim, allowed a "default" against the "plaintiff," and adjudged against him the costs of the "suit."

The manner of exhibiting such claims against an estate as prescribed in section 131 and elsewhere, in the act of the Revised Statutes referred to, does not constitute the presentation of such claims for allowance, actions or suits at law, in the ordinary sense of these terms, although when the allowance of such claims is contested it may ripen into, or become the basis of a suit proper. The claimant and the administrator do not stand in the relation of plaintiff and defendant until such contest arises, and the claim becomes thereby the subject of litigation. Giving to this so-called default the most liberal construction possible, it can be regarded as amounting to no more than a nonsuit, and without prejudice to the claimant. There was no judgment or decision either allowing or disallowing the claim, and the circumstance of thereafter omitting the matter from the docket in no way impaired the right of the claimant, who, having presented his claim according to the statutory requirement, was entitled to be heard thereon any time afterward until the court had determined upon it, either by its allowance or disallowance. He was, therefore, entitled to have it determined by the probate court when he moved for the allowance of his claim upon due notice to the administrator, on the 15th day of December, 1875. Was the refusal of the court at that time to allow the claim such a judgment or decision as could be appealed from to the district court? We think it was. A formal entry of judgment in such cases, after the manner of judgment in suits at law, is not absolutely required. It is sufficient if it plainly indicates the determination of the court to either allow or disallow the claim. The proceeding in such cases is indicated by the statute which prescribes the mode and manner of presenting, hearing and determining such claims: See R. S., p. 676, §§ 127 to 135. § 134 is in these words: "The pro-

bate court shall make an entry of record of every demand allowed against any estate, and shall file all papers relating to the same; such entry of allowance shall have the force and effect of a judgment." This must be construed to apply equally to an entry of disallowance. The determination of the court in such a case is not a judgment *pro forma*, but is a decision having the force and effect of a judgment. The language employed in section 132, that * * "upon the final hearing said court shall allow such demand, or such part thereof as shall be legally established, or reject the same, as to said court shall appear just, and should an executor or administrator appeal in such case," etc., clearly indicates that an appeal is contemplated by the statute, from any order or entry allowing or rejecting such claim or demand. By reference to section 2 of the act of January 31st, 1872 (9th Sess. Laws, p. 105) which confers appellate jurisdiction upon district courts in cases appealed from probate courts, it will be seen that the language significantly points to such cases as the one we are considering; "either party, or one or more of several plaintiffs or defendants may appeal from the final judgment or decision of any probate court to the district court," etc. And wherever the word judgment is used in this act the word decision is coupled with it, so that it is not a judgment alone, but a decision having the force and effect of a judgment that may be appealed from. No term in legal nomenclature has a more fixed and settled meaning than the word judgment. The term decision could not, therefore, have been used in this statute as a mere *synonym*, but must be construed to refer to such determinations, orders, findings and entries, as in this section are declared to have the force and effect of a judgment. In Freeman on Judgments, § 16, the rule is laid down to be that "every definite sentence or decision, by which the merits of a cause are determined, although it be not technically a judgment, or although the proceedings are not capable of being technically enrolled, so as to constitute what is technically called a record, is a judgment within the meaning of the law."

It is notorious that judges of these probate courts frequently fall very far short of making a proper record, and of entering what is intended as a judgment according to appropriate or common law *formula*. In such cases, whether the decision is to be considered a judgment, or in the nature of a judgment, is to be determined by looking to the subject-matter of the decision, and to its resulting effects. *Hoehne* v. *Trugillo*, 1 Col. 162. In this case there was but one question before the probate court : the allowance of a definite claim against an estate, a promissory note for a specific sum then due and undisputed. The court refused to allow it, and it matters not whether the ground of disallowance was a question of law or of fact in the mind of the court, for all the law and all the facts were before the court, the whole subject-matter was disposed of, and this decision was final as to the suit or demand in this particular case and in that court. *Johnson's Admr.* v. *Gillett*, 52 Ill. 358. To the same effect is also the decision of this court in the mandamus case of the *People ex rel.*, etc., v. *The Judge of the County Court of Jefferson County*. Hence the claimant became then entitled to his statutory right of appeal to the district court, and having effected this appeal, it was properly depending in the district court, and should have been tried upon the statement of facts there presented by the plaintiff and defendant. We must, therefore, hold that the court below erred in dismissing the appeal, and its judgment must be reversed and the cause remanded for trial.

*Reversed.*