[No. 3349.]

## B. M. TUCKER, EXECUTOR, v. W. F. TUCKER.

1. NONSUIT—*Judgment—What Is.* An order of the county court disallowing a claim presented against a decedent's estate is not a judgment of nonsuit.

2. APPEALS—*County to District Court—Conditions.* An appeal lies from an order of the county court disallowing a claim presented against a decedent's estate without a prior application to the county court.

Nor is such application necessary as a condition precedent to an appeal from the county court to the district court, even from a judgment of nonsuit, or a judgment by default given by the court sitting merely as a court of probate.

3. —— *Motion to Dismiss—Waiver.* Appellee who, in the district court, participates in the trial of a cause pending therein by appeal from the county court, of which cause the district court might have entertained original jurisdiction, waives a prior motion to dismiss the appeal.

4. ADMINISTRATION—*Exhibition of Claims—Oath of Claimant.* Sec. 7217, Rev. Stat., may be complied with by an affidavit made before a notary public of the Indian Territory.

5. AFFIDAVIT—*Title—Venue.* An officer of a foreign jurisdiction administering an oath to an affiant is presumed to be acting within the territorial jurisdiction for which he was appointed. That in the caption of the affidavit the venue is laid in Colorado is not sufficient to overcome this presumption.

6. SERVICE RENDERED—*Presumption as to Gratuitous Character.* There is no presumption of law that services rendered by a nephew to an uncle are gratuitous. A promise of the uncle to pay for such service may be implied. And the service being requested by the uncle, the fact that the nephew expects a legacy will not defeat his action.

7. APPEALS—*Verdict on Sufficient Evidence* will not be reviewed.

8. INSTRUCTIONS—*Incomplete.* An instruction which, though incomplete, is sound in law as to what is expressed therein, will not reverse, where no modification thereof was requested.

*Appeal from Clear Creek District Court.* Hon. FLOR
ASHBAUGH, JUDGE.

Mr. S. B. TONEY, Mr. M. SMITH, Mr. C. R.
BROCK, for appellant.

Mr. JOHN J. WHITE, for appellee.

KING, J., delivered the. opinion of the court.

William F. Tucker filed in the county court of
Clear Creek County his claim under oath against the
estate of James F. Tucker, deceased, in the words
and figures following, to-wit:

"State of Colorado, Clear Creek County, ss,
  In the County Court,
. . . . . . . . . . . . . . . . .Term, A. D. 190...

William F. Tucker, being duly sworn, on oath
says that the annexed account against the estate of
James F. Tucker, deceased, amounting to the sum
of Twelve Hundred Thirty ($1230.00) Dollars and
no cents, is just, after allowing all just credits, and
is now due and unpaid.

Subscribed and sworn to before me this 19th
day of December, 1905.
  (Notarial Seal)          CORA M. HANSEL,
                                Notary Public.

My Commission expires December 3, 1909.

To services as nurse and constant attendant
from March 29th, 1902, to April 16th, 1904, at $50.00
per month. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$1,230.00

*Notary Public Certificate.*

United States of America, Indian Territory, West-
  ern District, ss.

I, R. P. Harrison, Clerk of the United States
Court for the Western District of the Indian Terri-

tory, hereby certify that Cora M. Hansel is a notary public within and for the Western District of the Indian Territory; that he was appointed such notary public by the Court for said Western District, Indian Territory, for the term of four year beginning December 4th, 1905, and that due faith and credit should be given to all his acts as such notary public.

In witness whereof I have hereunto set my hand and the seal of said court at Salpulpa, Indian Territory, this 20th day of December, A. D. 1905.

R. P. Harrison,
Clerk.

By O. M. Irelon,
(U. S. Court Seal.)                    Deputy."

Upon the day set for hearing claims against the estate, the claimant being represented by his attorney and the executor being present in person and by his attorneys, the claim was objected to by the executor and disallowed by the court by endorsing the disallowance on the back of the claim and by an order disallowing the same and taxing the costs to the claimant. Whereupon an appeal to the district court was prayed, allowed and perfected, and the files relating to said claim were filed in the office of the clerk of the district court. The cause was regularly set for trial after a general appearance by the claimant and the executor. Upon the day set for trial the executor through his attorneys moved to dismiss the appeal from the county court to the district court, for the alleged reason that the judgment from which the appeal was prosecuted was one of non-suit, and that appellant did not within

ten days after the rendition of such judgment of non-suit make application to the county court to set such judgment aside. The motion was denied, and thereupon trial was had to a jury, the executor and his attorneys participating therein. The jury returned a verdict in favor of the claimant for the full amount of his claim, and judgment being rendered thereon, the executor prayed and was allowed an appeal to the supreme court.

(1) The denial of appellant's motion to dismiss the appeal was not error. The judgment of the county court from which the appeal was taken to the district court is not a judgment of non-suit. It is and evidently was intended to be a formal judgment of disallowance, and had the same force and effect as a judgment against the claimant that a judgment of allowance of the claim under the same circumstances would have had as against the executor.—*Corning v. Ryan,* 3 Colo. 525, 531.

If the provisions of section 183, code of civil procedure, Revised Statutes of 1908, defining a judgment of non-suit are accepted for that purpose in this case, it clearly appears that the judgment entered does not come within any of the provisions of said section.

In *Lusk v. Kershow* and others, 17 Colo. 481, 485, it was held that section 1536, Revised Statutes, 1908, (sec. 1085 Mills' Ann. Stats.; Session Laws of 1885, p. 158, sec. 1) does not apply to appeals from judgments in probate proceedings; and unless that section has been made to apply by virtue of the provisions of section 7254, Revised Statutes of 1908, a motion to set aside the judgment of the probate court was not necessary in this case, even

though the judgment was a judgment by default or of non-suit. In our opinion it was not the intention of the legislature to change the practice heretofore recognized in probate matters so as to make a motion to set aside a judgment by default or of non-suit, within ten days after the rendition of such judgment, and the refusal of such motion, a condition precedent to the right of taking an appeal from the county court to the district court in probate matters.

Under the constitution the district court had original jurisdiction of the subject matter.—*Vance's Heirs v. Maroney et al.,* 3 Colo. 293, 295; *Darling v. McDonald,* 101 Ill. 370; *Bradwell v. Wilson, Administrator,* 158 Ill. 346. Therefore, appellant's right to insist in this court upon his motion to dismiss the appeal was waived by participating in the trial of the cause on its merits after the motion was denied.—*Fairbanks, Morse & Co. v. Macleod,* 8 Colo. App. 190; *Schoolfield v. Brunton, et al.,* 20 Colo. 139; *Smith et al. v. District Court,* 4 Colo. 238.

(2) If it was necessary upon the trial in the district court to comply with the provisions of section 7217 Revised Statutes of 1908, which requires the county court before giving judgment against an executor, administrator or conservator to require the claimant to make oath that such claim is just and unpaid, that requirement was satisfied by the claimant's oath on file in the court as hereinbefore set forth.

Appellant insists that the verified claim is fatally insufficient in that it appears upon its face that it was sworn to in Colorado by a notary public of the Indian Territory.

The venue laid in the caption of the claim is that of the court in which the estate was being administered. The official certificate to the capacity of the notary public shows that the notary public was duly authorized to act as such in Indian Territory, and in the absence of evidence to the contrary the presumption is that the notary acted within her territorial jurisdiction.

*Goodnow v. Litchfield,* 67 Ia. 691; *Teutonia Loan Co. v. Turrell,* 19 Ind. App. 469; *Railway Co. v. Deane,* 60 Ark. 524.

The venue of the court as given upon the claim filed is not such evidence as overcomes the presumption. Claimant's failure to subscribe the oath is not fatal to its character as an oath.

(3) There was nothing in the relation existing between claimant and his uncle, the deceased, from which the law presumes the services of the nephew to have been gratuitous. Claimant was a student residing with his mother in Missouri. The uncle resided in Colorado and never was a member of the family of the claimant or his mother. Upon request of his uncle, claimant went from his home to Denver, Colorado, and took his uncle then in failing health back to his home in Missouri where the deceased remained for two years and until his death, and during which time he paid the mother for room and board, and promised to pay claimant for his services which consisted of care and nursing.

Appellant claims there was no express promise upon the part of the uncle to pay his nephew for the services, and that claimant expected to be compensated by provisions made in his uncle's will,

and that he never expected to be paid for his services except by such gratuitous provision as his uncle might make. That view has some support, though slight, in letters written by the claimant after his uncle's death, but the question was submitted to a jury upon evidence sufficient to sustain its verdict, either upon the theory that the services having been performed at the request of the uncle, his promise to pay is implied in law, or, that he both requested the services and agreed to pay therefor.

Appellant excepts to instruction No. 6 which authorizes a judgment in favor of claimant in case the jury should find from the evidence that the services were performed upon request made by the uncle, and that he promised to pay the claimant therefor.

This instruction was not as favorable to claimant as he was entitled to, for in the absence of an express promise to pay, the claimant was entitled to recover upon an implied promise.

The instruction as to the measure of recovery was not erroneous in so far as it went; although it was incomplete. No modification was asked for. The instructions as a whole were much more favorable to appellant than he was entitled to under the facts in the case, and the verdict was manifestly just and equitable.

The opinions in *Martin v. Wright's Administrators,* 13 Wend. 460, and *Roberts v. Swift et al., Executors,* 1 Yeates 209, 212, are in point and conclusive as to the law applicable in this case. In the first of these cases, referring to the rule asserted by appellant in this case, the court said:

"The rule, I apprehend, was never intended to apply to cases where it was understood by both parties that compensation should be made; but merely to cases where services were rendered apparently gratuitously, under an expectation of a legacy."

In the other the court said:

"If the jury were satisfied from the whole of the evidence, that the services were done *at the request* of the testator, *no matter what the plaintiff's expectations were,* the action may well be supported. The exception to the general rule is well marked in 1 Espin. 87, 88."

And in this case, we may well adopt the language of the court in *Roberts v. Swift et al., supra,* "It was a case of great hardship, and in such a case very slender testimony would satisfy ingenuous minds."

*The judgment is affirmed.*