## No. 11,852.

### HILLER, ADMINISTRATOR v. MATHENY.

Decided May 9, 1927.

Action to foreclose trust deed and mortgage.   Decree for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1.   MORTGAGE—*Foreclosure—Deficiency Judgment—Deceased Mortgagor.* The inclusion of a deficiency judgment against a deceased mortgagor in a foreclosure decree is erroneous.

2.   JUDGMENT—*Administrator—Execution.*   A foreclosure decree held erroneous in so far as it provided for issuance of execution against the administrator of the estate of a deceased person.

3.       *Correction.*   Where a foreclosure decree inadvertently provided for a deficiency judgment against certain defendants, none of whom were liable for the debt, the error should be corrected.

4.   EXECUTORS AND ADMINISTRATORS—*Claim—Judgment.*   The allowance of a claim against the estate of a deceased person is a judgment.

5.   BILLS AND NOTES—*Judgment—Effect.*   Judgment on a promissory note is conclusive of the amount of the debt, which is then evidenced by the judgment, upon the entry of which, the right to sue upon the note ceases.

6.   MORTGAGE—*Foreclosure—Interest—Attorney's Fee.*   Where judgment is procured upon a note, payment of which is secured by trust deed or mortgage, the latter becomes security for the judgment, and where neither contained any provision for the payment of an attorney's fee on foreclosure, such fee should not be allowed, and only statutory interest could be recovered notwithstanding the secured note provided 12 per cent interest on amounts not paid when due.

*Error to the District Court of Alamosa County, Hon. Jesse C. Wiley, Judge.*

Messrs. MOSES & ELLITHORP, for plaintiff in error.

Mr. J. D. PILCHER, Mr. CHARLES H. WOODARD, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE defendant in error obtained a decree foreclosing a trust deed and a mortgage given by William H. Buer. The administrator of Buer's estate seeks a reversal of the decree.

On January 29, 1923, William H. Buer executed and delivered to the plaintiff a promissory note for $3,500, payable one year after date, with interest at the rate of 8 per cent per annum from its date until due. The note contained the provision that if the note is not paid promptly at maturity, the unpaid principal and interest shall bear interest at the rate of 12 per cent per annum from maturity until paid; and also provided for the payment of 10 per cent "additional on amount due, as attorney's fees for collection." To secure the payment of the note the maker gave a trust deed of certain land and also a mortgage of certain lots. Neither the trust deed nor the mortgage provides for the payment of an attorney's fee. On October 25, 1925, Buer died, and defendant Lilly Swartz Buer was appointed administratrix of his estate. On December 14, the plaintiff filed in the county court, where the estate was being administered, his claim for the amount due upon Buer's promissory note. The court allowed the claim as a claim of the fifth class. On November 13, 1926, the plaintiff brought this suit to foreclose the trust deed and the mortgage. Lilly Swartz Buer having resigned as administratrix, O. A. Hiller, the plaintiff in error, was appointed administrator, and filed an answer. On March 25, 1927, the case was tried, and the court decreed a foreclosure. In determining the amount due, the court included interest at the

rate of 12 per cent per annum, as provided in the note, and also an attorney's fee of $321.81. The decree also provided that if the proceeds of the sale were not sufficient to pay the amount found due, a deficiency judgment against the "defendants" shall enter, and that William H. Buer pay to the plaintiff the amount of such deficiency judgment, with interest, and that the plaintiff have execution "thereof."

1. The decree should not have provided for a deficiency judgment against William H. Buer. The complaint alleged his death over a year before the commencement of the suit. Although he was improperly named as a defendant in the original complaint, his name was omitted from the amended complaint.

2. In providing for a deficiency judgment against the defendants, the decree provided that execution shall issue. So far as the administrator is concerned, this is· erroneous. A money judgment against an administrator is payable only out of the decedent's estate in due course of administration.

3. Among the defendants are seven heirs of the decedent and also the public trustee of Alamosa county, not one of whom is liable for the debt. Providing in the decree for a deficiency judgment against the "defendants" was clearly an inadvertence; and although the heirs and the public trustee are not parties to this writ of error, this palpable mistake in the decree should be corrected.

4. The plaintiff in error contends that the trial court erred in including the attorney's fee as part of the indebtedness, and also in computing interest at 12 per cent instead of at 8 per cent. The allowance by the county court of the plaintiff's claim was a judgment on the promissory note. Section 5340, C. L., is as follows: "The county court shall make an entry of record of every demand allowed against any estate, and shall file all papers relating to the same. Such entry of allowance shall have the force and effect of a judgment."

See *Denison v. Jerome,* 43 Colo. 456, 96 Pac. 166; *Corning v. Ryan,* 3 Colo. 525; *Hathaway v. Bottenfield,* 73 Colo. 356, 215 Pac. 864; *Tucker v. Tucker,* 21 Colo. App. 94, 121 Pac. 125. The promissory note became merged in the judgment of the county court. The judgment is conclusive of the amount of the debt secured by the trust deed and the mortgage. The form of the debt has been changed. Originally it was evidenced by a promissory note; now it is evidenced by the judgment. The right to sue upon the note ceased upon the entry of the judgment. See *Butler v. Rockwell,* 17 Colo. 290, 29 Pac. 458, 17 L. R. A. 611; *Rockwell v. District Court,* 17 Colo. 118, 122, 29 Pac. 454, 31 Am. St. Rep. 265; *Town of Aurora v. Watkins,* 77 Colo. 234, 236 Pac. 556; *Eldred v. Bank,* 17 Wall. 545, 21 L. E. D. 685; *Rossiter v. Merriman,* 80 Kan. 739, 104 Pac. 858, 24 L. R. A. (N. S.) 1095. In *Eldred v. Bank, supra,* it was held that a judgment on a note merges the note, and that no suit can thereafter be maintained on the note. In *Rossiter v. Merriman, supra,* the court held that when a secured note is reduced to judgment, it becomes merged in the judgment, and cannot thereafter be made the foundation of a cause of action; that the merger and extinguishment of the note do not discharge the debt or extinguish the lien; that the judgment is the evidence of the debt secured by the mortgage; and that a proceeding to foreclose the mortgage should be founded on the judgment. In the present case the trust deed and the mortgage stand as security for the judgment—not as security for the note—and the plaintiff is entitled to a foreclosure of the trust deed and the mortgage to pay the judgment, with interest thereon at the rate of 8 per cent per annum, the statutory rate, C. L., sec. 3778. As neither the trust deed nor the mortgage provides for the payment of an attorney's fee on foreclosure, and as the note, which provided for the payment of an attorney's fee for collecting the note, has been merged in the judgment thereon, and has thus been ex-

tinguished, no attorney's fee should be allowed in the foreclosure decree.

The judgment is reversed, with directions to proceed in harmony with the views herein expressed.

MR. JUSTICE ADAMS not participating.