OTTO H. THOMPSON, Respondent, v. STATE BANK OF LIS-BON, a Corporation, E. W. Elayer, and Dr. Ward Medical Company, a Foreign Corporation. STATE BANK OF LISBON, a Corporation, Appellant.

(225 N. W. 788.)

Opinion filed June 5, 1929.

F. S. Thomas and C. S. Ego, for appellant.
Kvello & Adams, for respondent.

NUESSLE, J. This is a statutory action to quiet title. The defendant State Bank of Lisbon answered. The other defendants defaulted. The bank set up a certain mortgage covering the real property involved, and of which it was the assignee of record.

The facts, briefly stated, are as follows: Plaintiff bought a farm from one Carlson and gave Carlson a note for $3,975, as part of the purchase price, secured by a mortgage on the farm. Carlson owed the bank. He pledged Thompson's note and mortgage as collateral to this indebtedness and gave an assignment of the mortgage to the bank. This assignment was put of record. Thompson had actual notice of this arrangement and made some payments on account of interest and principal to the bank. Thereafter the payments being somewhat in default the bank and Carlson agreed that the bank would surrender and release the note to Carlson with the understanding that he should sue Thompson and when he had obtained judgment he should give the bank a lien on this judgment. In accordance with this arrangement the bank delivered the note and mortgage to Carlson's attorney and suit was begun on the note. The mortgage, however, was not satisfied nor was it reassigned. Thompson defended against the suit, setting up that the bank and not Carlson was the owner of the note and mortgage. Carlson moved to strike out this answer as sham and frivolous, and in support of his motion filed the affidavit of Grover the cashier

of the bank, setting forth that it had surrendered and released the note to Carlson and taken other security. The court denied the motion to strike out the answer as sham and frivolous on the ground that a question of title could not be tried on affidavits. Thereafter, and at the next term of court, Thompson stipulated to withdraw his answer and permit judgment to be taken against him. This was done, the judgment being for about $4,500. Some 30 days after this Thompson and Carlson entered into a compromise whereby Thompson paid Carlson $900 in settlement of the judgment and took a satisfaction thereof. Before doing this he examined the records in the offices of the clerk of court and register of deeds and found there was no assignment of the judgment, but he did not make any inquiry of the bank as to whether or not it had any interest in the mortgage or judgment. The mortgage remains unsatisfied and Thompson brought this action to quiet title. On this state of facts the district court found for the plaintiff and ordered judgment cancelling the mortgage of record and quieting title in Thompson. The defendant bank then perfected the instant appeal.

We are clear that on the record as made the judgment of the district court was right and must be affirmed. Considerable was said in the briefs and on argument respecting the matter of estoppel. Defendant argues that under the circumstances no estoppel can be urged against it. It seems to us, however, that no attention need be paid to the question of estoppel. It is undisputed that the bank returned Thompson's note to Carlson under an agreement with Carlson that he would sue on it and give the bank a lien on the judgment obtained by him in place of the security of the note and mortgage. Consistent with this agreement Carlson brought suit and obtained the judgment. Thompson knew nothing of the agreement between Carlson and the bank that the bank should have a lien on the judgment. He settled with Carlson. There was no reason why he should have gone to the bank to enquire whether or not the bank had any interest in the judgment. Carlson had the note and brought suit in his own name. To all intents and purposes the note was Carlson's. So was the judgment. The note carried with it the mortgage, though no reassignment thereof was executed and delivered. See Holvick v. Black, 57 N. D. 270, 221 N. W. 71; Brynjolfson v. Osthus, 12 N. D. 42, 96 N. W. 261; Emerson-

Brantingham Implement Co. v. Ainslie, 38 S. D. 473, 161 N. W. 1001; 41 C. J. 686. In fact the receipt given by Carlson's attorney indicates that the mortgage and the assignment to the bank were delivered to him for Carlson. When Thompson had an opportunity to settle with Carlson there was no apparent reason why he should not make the settlement. When he paid and satisfied the judgment he paid the debt secured by the mortgage and thus discharged the mortgage. 41 C. J. 791. He examined the records to ascertain if there was any reason why he should not pay the judgment debt to Carlson, the judgment creditor. No reason appeared why he should not. This was not done in a hurry. Thirty days had elapsed from the time the judgment was entered. The bank was content to trust Carlson and took no steps to perfect and secure its lien on the judgment. Carlson did not keep faith, but that cannot affect Thompson, for the record indicates and the trial court so found, that Thompson acted in good faith in making settlement and adjustment of the judgment against him.

The judgment of the district court is affirmed.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.