No. 32,410

LACY J. BLACK, *Appellant,* v. (F. L. BARNES et al.) C. W. TAYLOR, *Appellee.*

(46 P. 2d 625)

Opinion filed July 6, 1935.

*Robert R. Hasty,* of Wichita, for the appellant.
*Clement F. Clark,* of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a promissory note, and to foreclose a mortgage on a leasehold in which C. W. Taylor, not a party to the note, was interested. Judgment was rendered against the makers of the note, but Taylor's demurrer to plaintiff's evidence was sustained, and plaintiff appeals.

P. M. Wendel leased a lot to Lacy J. Black and Floyd L. Barnes for a filling station to be erected. Black assigned to Barnes, Wendel consenting. Barnes made an arrangement with Taylor whereby Taylor became interested in the enterprise. In connection with consummation of the deal with Taylor, Barnes gave Black a note for $275, and Barnes gave Black a mortgage on the leasehold to secure the note. The proof was Black advanced to Barnes $200 of the amount of the note, to enable Barnes to make his arrangement with Taylor, and Taylor knew of the note and mortgage when they were executed.

Black sued Barnes on the note in the city court of Wichita, a court without jurisdiction to foreclose the mortgage, and recovered judgment for the face of the note, and for interest and costs. Subsequently Black took a new note from Barnes for $289.81, and released the judgment. The new note was also signed by Barnes' wife. The present action was to recover from the makers of the

second note, and to foreclose the mortgage securing the first note. The district court held in effect the first note was merged in the judgment, the judgment was paid and satisfied, and no debt remained which the mortgage secured.

Merger of the first note in the judgment did not satisfy the debt nor extinguish the lien of the mortgage given to secure the debt. If the new note was evidence of the old debt, the security was not impaired. Whether this was so depended on the intention of the parties, which was a question of fact to be determined from all the evidence bearing on the subject.

The condition of the mortgage was, that if Barnes should "repay" to Black the sum of $275, according to terms of the first note, the mortgage would be void. The word "repay" had no special significance other than "pay," and did not restrict medium of payment to money only.

Black testified as follows:

"Q. You filed a suit on that note, that $275? A. Yes, sir.

"Q. And took judgment? A. Correct.

"THE COURT: That was in April?

"MR. CLARK: That was in April, if your honor please.

"Q. Now, on the 23d of June, 1932, the petition says that for a valuable consideration and in lieu of that judgment, you took another note from Barnes and his wife for $289 which covered the judgment and costs on that first note. That is correct, isn't it? A. Yes, sir.

"Q. You had to sue him on one note and yet after you got a judgment you took another note from him for that judgment and costs, didn't you? A. That is right."

The words "in lieu" had the meaning "instead of," and imported extinguishment of the judgment. Black's statement that he took another note "for" that judgment and costs had the same import. With the judgment in which the original note was merged extinguished, *prima facie*, there was nothing left for the mortgage to secure. There are clear indications which confirm this inference.

There was no testimony tending to show Barnes' attitude in the affair. The new note was based on a new consideration, which increased the sum to be paid. New security was taken for payment of the new note. Black made the following declaration, written on the record of the judgment, with respect to what was done:

"The judgment in this case, No. 80,329, has been paid and satisfied and same is hereby fully released as to all defendants."

The result is, the evidence established a wiping out of the old debt, and creation of a new one.

A claimed defect in Taylor's answer, not called to the attention of the district court, and waived by reply and by going to trial, is of no importance in this appeal.

The judgment of the district court is affirmed.