No. 32,410

LACY J. BLACK, *Appellant,* v. F. L. BARNES et al., *Defendants;* C. W. TAYLOR, *Appellee.*

(49 P. 2d 975)

Opinion denying a rehearing filed October 5, 1935.

*Robert R. Hasty,* of Wichita, for the appellant.
*Clement F. Clark,* of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, C. J.: In the original opinion it was said new security for payment of the note was taken. Concerning this statement, the petition for rehearing has this to say:

"There is nothing in the record and there is no fact to sustain the above statement. We are at a loss to know where the court obtained such an impression. If such were the fact, of course there would be little doubt about the correctness of the decision."

The fact that new security was taken appears in the record in two ways: first, on the face of the note itself, and second, in the testimony of the plaintiff.

At the trial in the district court the attorney for plaintiff stated to the court that the judgment on the first note had been released. The release in writing on the margin of the record was not produced by either party, was not before the trial court, and was not abstracted. The counter abstract reproduced the release, which appears in the original opinion. No motion was made to strike the release from the counter abstract, no reply brief was filed, and the cause was submitted without oral argument. The result was, this court had before it an undisputed record made by the plaintiff him-

self, showing the judgment on the first note had been paid and satisfied. However, in the original opinion it was stated in effect the first note was merged in the judgment, the judgment was extinguished, and prima facie there was nothing left for the mortgage in controversy to secure. That decided the case. Then in a subsequent and separate part of the opinion, the court enumerated some confirmatory indications. The last one mentioned was the release. The petition for rehearing complains because the court considered the release.

The court was authorized to consider the release by R. S. 60-3316, as interpreted in the case of *Hess v. Conway*, 93 Kan. 246, 251, 144 Pac. 205, and as applied in the case of *Bankers Mortgage Co. v. Dole*, 130 Kan. 647, 648, 287 Pac. 906. As indicated in the Bankers Mortgage case, this court might have directed that the release be certified up to assist the court in determining what should be done with the appeal. It would have been idle for this court to remand the cause for a new trial in the face of the release which plaintiff could not deny, and which he suffered to come to this court, unexplained and unqualified.

The petition for a rehearing is denied.