No. 21827.

Shirley Ott *v.* Roy E. Edwards and
Carolyn M. Edwards.
(420 P.2d 837)

Decided December 5, 1966

Francis R. Salazar, Carl L. Harthun, for plaintiff in
error.

No appearance for defendants in error.

*En Banc.*

Mr. Justice Frantz delivered the opinion of the Court.

One Thompson executed a $5000 note in favor of Ott and secured the obligation by a deed of trust on property described as Lot 3, Block 68 of a certain addition. The parties intended, however, that Lot 33 be the mortgaged or securing property. Roy E. and Carolyn M. Edwards subsequently purchased Lot 33 from Thompson.

Thompson defaulted on his obligation and Ott commenced two proceedings against Thompson and the Edwards: one, pursuant to R.C.P. Colo. 120, and the other, a suit on the note in which he sought also to have the deed of trust reformed. Ott obtained a judgment on the note and thereafter the Edwards paid the sum of $2500 and received in return a "Satisfaction of Judgment," reading in part as follows:

"This full and complete satisfaction shall constitute a full and complete satisfaction only insofar as the defendants Roy E. Edwards and Carolyn Edwards are affected by the aforementioned judgment, and I hereby authorize and direct the clerk of said court to enter on record said satisfaction of judgment in the above captioned action only as to the defendants Roy E. Edwards and Carolyn Edwards."

Later Ott and Thompson, without the participation of the Edwards, obtained, pursuant to a stipulation, a reformation of the deed of trust so that the erroneous description was corrected. In the present action the Edwards seek declaratory relief voiding the deed of trust as so reformed under a claim of satisfaction. Not to grant such relief, they say, leaves them with a clouded title.

The district court granted the relief requested on motion for summary judgment, and its ruling is here chal-

lenged by writ of error. Three reasons for reversal are advanced: two involve Ott's allegation in his answer that the Edwards had actual knowledge of the deed of trust, and the third involves the question of the effect of the satisfaction on the security.

In our view, actual knowledge is of no consequence under the circumstances of this case. Our disposition of the third item of asserted error reveals the irrelevance of actual notice as a factor; it would have equal application to a situation in which the Edwards were the original signatories to the note and deed of trust.

After the note had been reduced to judgment, it was the latter that was secured by the deed of trust. A change in obligation was wrought by the judgment on the secured note: the note had lost its identity and became merged in the judgment. Originally the debt "was evidenced by a note; now it is evidenced by the judgment." *Hiller v. Matheny,* 81 Colo. 459, 256 Pac. 10.

Since the judgment became the evidence of the debt, its payment or release left nothing upon which the security could rest. *Price v. Atchison First Nat'l Bank,* 62 Kan. 735, 64 Pac. 637; see *Coler v. Barth,* 24 Colo. 31, 48 Pac. 656. When Ott satisfied the judgment, she extinguished the debt as to the Edwards, and in so doing she lost the right to proceed against the property then being held by the Edwards. *Black v. Barnes,* 142 Kan. 381, 46 P.2d 625, reh. den. 142 Kan. 430, 49 P.2d 975; *Thompson v. State Bank of Lisbon,* 58 N.D. 236, 225 N.W. 788.

The trial court decided the matter rightly, and its judgment is therefore affirmed.