LAKESIDE VENTURES, LLC, Plaintiff–Appellant,

v.

LAKESIDE DEVELOPMENT COMPANY, Ron Worrell, Patricia Worrell, Robert McAtee, and William Lauer, Defendants–Appellees.

No. 01CA1926.

Colorado Court of Appeals, Div. V.

Oct. 10, 2002.

Rehearing Denied Jan. 16, 2003.

Certiorari Denied April 28, 2003.

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Gary Lindsay, Durango, Colorado, for Plaintiff–Appellant.

No Appearance for Defendants–Appellees Lakeside Development Company, Ron Worrell, and Patricia Worrell.

James G. Whitley, P.C., James G. Whitley, for Defendants–Appellees Robert McAtee and William Lauer.

Opinion by Judge NIETO.

Plaintiff, Lakeside Ventures, LLC, appeals the order denying its C.R.C.P. 60 motion for relief from a judgment entered in favor of defendants, Lakeside Development Company and its general partners Ron and Patricia Worrell (collectively the Worrells). The Worrells subsequently assigned this judgment to Robert McAtee and William Lauer, who were permitted to join in the case. We affirm in part, reverse in part, and remand with directions.

In 1994, the Worrells sold the property at issue here to an individual and an entity that are not involved in this case, and they received a promissory note in the amount of

$258,670 (original note) secured by a deed of trust on the property. The buyer later transferred the property to plaintiff, who assumed the obligation to pay the note. As a result of various concerns about the property, plaintiff ceased making payments on the note and filed an action against the Worrells in 1997. The Worrells answered and asserted a counterclaim for the amount due on the note plus interest, costs, and attorney fees. The Worrells also initiated a separate C.R.C.P. 120 proceeding and a public trustee foreclosure, which actions were stayed pending resolution of the parties' claims in this case.

In 2000, after a bench trial, the court found that the Worrells were entitled to proceed with their foreclosure action and entered judgment in their favor "for the relief requested in the counterclaim," but left the amount of judgment open "for the amount of attorney fees to be awarded." The court also found for plaintiff on one of its claims and ordered that $11,025 be offset against the amount due to the Worrells on the note. The clerk of the court subsequently issued a transcript of judgment to the Worrells in the amount of $313,806.

Before judgment entered, plaintiff conveyed the property to DLMT, LLC, an entity that is not a party to this action. McAtee and Lauer, who are affiliated with DLMT, held a note from DLMT secured by a second deed of trust on the property.

After judgment entered, the Worrells commenced a second public trustee foreclosure proceeding. To avoid a foreclosure sale, DLMT, McAtee, and Lauer entered into a written agreement with the Worrells (the agreement). Under the agreement, DLMT paid the Worrells $160,000, which it had borrowed from McAtee, and executed a promissory note for $184,751.79 payable to the Worrells (DLMT note). They agreed that the DLMT note would be secured by the deed of trust from the original sale in 1994. Under the agreement, the Worrells assigned their interest in the judgment against plaintiff to McAtee and Lauer.

McAtee and Lauer then executed on the judgment and collected approximately $50,000 from plaintiff. Plaintiff filed a C.R.C.P. 60 motion for relief from the judgment, requesting that the judgment be vacated and the transcript of the judgment be voided. The trial court denied the motion, and this appeal followed.

The grant or denial of a C.R.C.P. 60 motion lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *State Farm Mutual Auto. Ins. Co. v. McMillan*, 925 P.2d 785 (Colo.1996). A trial court's decision is an abuse of discretion if it is manifestly arbitrary, unreasonable, or unfair. *Guevara v. Foxhoven*, 928 P.2d 793 (Colo. App.1996).

## I.

Plaintiff contends that the trial court erred in concluding that the judgment included a money judgment on the original note. Plaintiff asserts that the Worrells' briefs filed after trial, but before the entry of judgment, demonstrate that they waived and abandoned their counterclaim for a money judgment on that note. We are not persuaded.

The trial court implicitly rejected plaintiff's argument when it found that the judgment included a judgment on the original note. Our review of the record reveals sufficient evidence to support the trial court's conclusion that the Worrells had not waived or abandoned their counterclaim.

As the trial court noted in its order denying plaintiff's motion, the Worrells' counterclaim specifically prayed for judgment in the amount due on the original note, as well as interest, costs, and attorney fees. In the Worrells' C.R.C.P. 26 disclosures and their opening statement at trial, they asserted the balance due on the original note. They also presented evidence of the amount due on the original note.

The Worrells' briefs, filed after the trial but before judgment entered, stated that they were seeking the right to proceed with a foreclosure sale by the public trustee, but the briefs were silent as to the entry of judgment on the original note. While the Worrells' briefs focused on their right to pursue a foreclosure by the public trustee, this argu-

ment was made in the context of a trial where plaintiff only sought an offset from the amount due on the note and did not assert that it was not responsible for payment of the note. Also, an outstanding order then stayed the Worrells' foreclosure efforts. Further, the Worrells did not move to modify or withdraw any portion of their counterclaim. They also stated that they had no intention of releasing their right to obtain a judgment on the original note, although they were predominantly concerned with pursuing a foreclosure action at that time.

These facts support a finding that the Worrells did not waive or abandon their counterclaim for judgment on the original note, and thus, the trial court did not abuse its discretion in denying plaintiff's motion on these grounds.

## II.

■ Plaintiff also contends that the trial court's ruling that the judgment included a money judgment on the original note and a finding that the Worrells were entitled to proceed with their foreclosure action are legally inconsistent and therefore erroneous. Plaintiff argues that the Worrells' initial decision to pursue foreclosure must be considered an election of remedies that bars them from seeking recovery on that note. Again, we disagree.

■ The doctrine of election of remedies prevents double recovery by requiring a party to make an election when the remedies sought are inconsistent and contradictory. It has no application where a party seeks only one remedy. *Singer v. Strauss,* 851 P.2d 256 (Colo.App.1993).

Plaintiff has cited no authority, and we are aware of none, that a judgment on a promissory note in favor of the payee necessarily precludes a foreclosure sale by the public trustee on a deed of trust securing the note. The statute governing foreclosure sales, § 38–38–101(1), C.R.S.2002, states that a foreclosure sale is available to an owner of an "evidence of debt" that is secured by a deed of trust. Nothing in the statute expressly precludes a foreclosure sale on a deed of

trust where the underlying note has been reduced to a judgment.

■ Generally, the reduction of a note to judgment merely changes the form of the debt. Initially, the debt is evidenced by the note, but upon judgment the note merges with the judgment, and the debt is then evidenced by the judgment. *Ott v. Edwards,* 161 Colo. 187, 420 P.2d 837 (1966). The deed of trust then stands as security for the judgment, and the holder can foreclose the deed of trust to pay the judgment. *See Hiller v. Matheny,* 81 Colo. 459, 256 P. 10 (1927).

■ "[T]he holder of a note secured by deed of trust has two remedies: 1. A suit on the debt evidenced by the promissory notes and 2. a specific action against the particular property which has been given as security for the payment of the debt. Upon failure to discharge the obligation, these remedies may be pursued concurrently or consecutively." *Foothills Holding Corp. v. Tulsa Rig, Reel & Mfg. Co.,* 155 Colo. 232, 234–35, 393 P.2d 749, 751 (1964); *see also Certified Realty Corp. v. Smith,* 198 Colo. 222, 597 P.2d 1043 (1979); *Hiller v. Matheny, supra.*

Further, the Worrells could not obtain a double recovery because after the original note merged into the judgment, the deed of trust secured the judgment, *see Ott v. Edwards, supra; Hiller v. Matheny, supra,* and therefore the proceeds of a foreclosure sale must be applied toward payment of the judgment. *Plains Loan, Realty & Investment Co. v. Hood,* 76 Colo. 322, 230 P. 1008 (1924); *Imperial Mortgage Corp. v. Travelers Indemnity Co.,* 43 Colo.App. 74, 599 P.2d 276 (1979).

Accordingly, we conclude the remedies are not legally inconsistent, and the Worrells' initial pursuit of foreclosure was not an election of remedies.

## III.

Plaintiff also contends that the judgment on the original note was satisfied, and therefore, under C.R.C.P. 60(b)(4), it was entitled to relief from the judgment. Plaintiff argues that the Worrells received full payment of the judgment under their agreement with DLMT, McAtee, and Lauer. We agree in

part and conclude that further proceedings are necessary.

In ruling on the motion, the trial court found that no foreclosure occurred after DLMT, pursuant to the agreement, cured delinquencies on and assumed obligations for the judgment by paying the Worrells $160,000 and giving them a promissory note for $184,751.79. The court also found that the Worrells had assigned their interest in the judgment to McAtee and Lauer. The trial court then denied this part of the motion after declining to address the effect of the agreement on the judgment because DLMT was not a party in this case. However, the court stated that the denial was "without prejudice to reassert" the motion if an independent action adjudicated the agreement's effect on the judgment.

Based on the trial court's findings, the absence of DLMT as a party did not preclude a determination whether the payment and the DLMT note constituted a satisfaction of the judgment. The judgment creditors, their assignees, and the judgment debtor were before the court, and they are the parties affected by the alleged satisfaction. If DLMT is somehow affected by the court's ruling, it can litigate any claims it may have against these parties in a separate proceeding. Further, the findings of the trial court were sufficient to grant at least partial relief to plaintiff.

### A.

When a judgment is satisfied by means other than execution, it is the duty of the judgment creditor to give a satisfaction of judgment, and the court may compel it or may enter satisfaction. C.R.C.P. 58(b); *Vento v. Colorado Nat'l Bank*, 985 P.2d 48 (Colo. App.1999).

■ By entering into the agreement, DLMT, as the owner of the encumbered property, recognized that the Worrells had started a second foreclosure proceeding, and to avoid the foreclosure, it sought to cure any delinquencies and assume all obligations on the indebtedness owed to the Worrells. This indebtedness was evidenced by the judgment, the original note having merged into

the judgment. *See Ott v. Edwards, supra; Hiller v. Matheny, supra.* The Worrells agreed to accept the cure of delinquencies and assumption of the obligation, and DLMT paid them $160,000 and gave them a promissory note for $184,751.79.

Thus, as the trial court found, the Worrells received $160,000 to apply toward payment of the judgment, and to the extent of that payment, they were obligated to give a partial satisfaction of the judgment. *See* C.R.C.P. 58(b).

### B.

■ The effect of the DLMT note on the judgment is governed by § 4–3–310, C.R.S. 2002, which provides in pertinent part:

(b) Unless otherwise agreed . . . if a note . . . is taken for an obligation, the obligation is suspended to the same extent the obligation would be discharged if an amount of money equal to the amount of the instrument were taken, and the following rules apply:

. . . .

(2) In the case of a note, suspension of the obligation continues until dishonor of the note or until it is paid. Payment of the note results in discharge of the obligation to the extent of the payment.

Here, DLMT's note, like the cash payment, was given to the Worrells pursuant to the agreement to effectuate DLMT's cure of delinquencies and assumption of obligations on the judgment. Therefore, the DLMT note was "taken for an obligation" as provided in § 4–3–310(b).

Because the agreement contained no provision limiting the effect of the DLMT note on the judgment, upon the Worrells' receipt of that note the judgment was suspended to the extent of the amount of the note, and it remains suspended until the DLMT note is dishonored or paid. If the DLMT note is paid, the judgment will be discharged to the extent of the payment. *See* § 4–3–310(b)(2).

The agreement further provided that the Worrells would assign the judgment to McAtee and Lauer. Although the DLMT note suspended the judgment, it did not discharge

it, and therefore the Worrells could still assign the judgment. However, McAtee and Lauer cannot execute on the judgment to the extent it has been satisfied or is presently suspended. Therefore, on remand the trial court must determine whether McAtee and Lauer collected funds to which they were not entitled and enter appropriate orders based on that determination.

## IV.

Plaintiff also contends that the trial court erred by denying its motion for equitable relief pursuant to C.R.C.P. 60(b)(4). We need not resolve this issue.

C.R.C.P. 60(b)(4) provides for relief from judgment on equitable grounds. The grant or denial of such relief is within the discretion of the trial court and is reviewed on an abuse of discretion standard. *Continental Nat'l Bank v. Dolan*, 39 Colo.App. 16, 564 P.2d 955 (1977).

The trial court found that "plaintiff has alleged a meritorious claim that third party agreements have affected its rights and obligations ... as a judgment debtor." However, the trial court denied this equitable claim without prejudice after declining to address the effect of the agreement on the judgment because DLMT was not a party in this case.

As we have resolved the issues in part III, the judgment is partly satisfied and partly suspended, and therefore, it is not necessary to resolve issues concerning plaintiff's equitable claim under C.R.C.P. 60(b)(4). However, because the trial court found that plaintiff had "alleged a meritorious claim," and because this equitable issue may again arise if DLMT fails to pay its promissory note to the Worrells, we conclude that before refusing to decide the reasserted claim, the trial court should give plaintiff an opportunity to join DLMT pursuant to C.R.C.P. 19. The court then can decide whether DLMT purchased the property from plaintiff at a discount because of the judgment and, therefore, whether it is inequitable to permit DLMT to hold the property free from foreclosure while persons affiliated with DLMT collect the judgment from plaintiff.

Our resolution of these issues makes it unnecessary for us to consider plaintiff's other contentions.

Accordingly, the order denying plaintiff's C.R.C.P. 60 motion is reversed to the extent it denied satisfaction of the judgment based on the $160,000 payment and to the extent it allowed McAtee and Lauer to execute the judgment while it is suspended. The order is affirmed in all other respects, and the case is remanded for further proceedings.

On remand, pursuant to C.R.C.P. 58, the trial court shall compel the satisfaction or order the entry of satisfaction of the judgment to the extent of the $160,000 paid to the Worrells by DLMT and enter orders to prevent further execution on the judgment while it is suspended. The court shall also conduct further proceedings and take such evidence as is necessary to determine whether McAtee and Lauer have by execution, garnishment, or otherwise obtained money from plaintiff that, given the state of the judgment, they were not entitled to receive.

Judge MARQUEZ and Judge ROY concur.