J. M. HARRIS, *Appellant*, v. THOMAS BURBERY *et al.,*
*Appellees.*

No. 17,132.

PRACTICE, SUPREME COURT—*Abstract of the Record—Settlement
of Disagreement.* The abstract set out copies of records which
it recited had been introduced in evidence. The counter ab-
stract denied that such records had been introduced in evi-
dence, but did not deny their existence or the accuracy of the
copies. On a motion to settle the disagreement, *held,* that
the records would be treated as not having been formally in
evidence in the trial court, but as being before the supreme
court for whatever use may upon the final hearing be found
to be proper.

Appeal from Kearny district court. Opinion filed
January 7, 1911. Ruling on motion to settle disagree-
ment in abstract.

*John D. Davis,* and *J. M. Harris,* for the appellant.

*C. T. Clark,* and *Emery & Emery,* for the appellees.

*Per Curiam:* The appellees ask that in advance of
the hearing on the merits the court settle certain dis-
agreements between the original abstract and the
counter abstract.

In the counter abstract two errors (apparently cleri-
cal) of the original abstract in setting out the details
of the judgment complained of are corrected, and the
contents of the amended answer and the testimony of a
witness are set out in greater detail. There is no real
dispute as to these matters, and no order with regard
thereto is necessary at this time.

The case involves the title to real estate. The de-.
fendants relied upon two judgments quieting title. The
plaintiff challenged the validity of the judgments, upon
the ground that they were based on void service. The
original abstract shows the proceedings on which the
judgments were founded, and says that the records

thereof were all introduced in evidence. The counter abstract says that nothing was introduced in this connection except the journal entries of the judgments. The stenographer's transcript of the evidence sustains the latter statement, and must be regarded as conclusive. Therefore the case will be heard upon the theory that the affidavits for service by publication, and other proceedings leading up to the two judgments, were not in fact formally offered in evidence.

Nevertheless, as the accuracy of the copies of the records as set out in the original abstract is not questioned, they will be taken to be correct, and will be regarded as being before this court for whatever use may properly be made of them. The occasion for such use may arise in two ways. Copies of the briefs presented by both parties in the district court seem to show that the case was argued there as though all the proceedings referred to were before the court. The omission formally to introduce the records was of course immaterial if they were treated as though in evidence. Again, the plaintiff asks that, although the records may not have been introduced or considered as introduced at the trial, they be admitted here under the statute (Code 1909, § 580) authorizing this court to receive further testimony on appeal. If it is demonstrated by conclusive evidence in this court that the judgments which the trial court held good were in fact void, the language of the new code seems to justify a reversal, although the decision below may have been in accordance with the evidence there presented. However, no decision upon these matters is made at this time. The effect of the records referred to may be argued upon the final hearing.

The same situation arises with respect to the record of a tax deed which the original abstract erroneously says was introduced in evidence. The case will be heard upon the understanding that such a tax deed was issued and recorded, but not introduced in evidence.