No. 29,204.

THE BANKERS MORTGAGE COMPANY OF TOPEKA, *Appellant,*
v. B. F. DOLE et al., *Appellees.*

Opinion denying a rehearing filed May 16, 1930. (For original opinion of affirmance see *ante,* p. 367, 286 Pac. 258.)

*G. F. Gratton,* of McPherson, *Samuel E. Bartlett* and *George D. Miner,* both of Ellsworth, for the appellant.

*W. H. Carpenter, W. R. Carpenter,* both of Marion, and *James A. Cassler,* of McPherson, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: A motion and supplemental motion for a rehearing in this case present certain matters for our consideration. Counsel say:

"Under the instructions the jury found B. F. Dole had paid all he owed the plaintiff. This court finds that such is not true, but that there is a balance still due, and by interpretation, holds that such amount is in the $17,500 mortgage."

The jury made no such finding, and nothing in our opinion justifies the assumption that this court was undertaking to make an independent finding of fact on that or on any other dispute of fact in this lawsuit.

In our narrative of the facts we did say that the homestead of Dole was on part of section 1. Counsel say that in this we were in error. If so the fact has no bearing on the net result. It is also asserted that there was a mortgage on section 1 prior to the one foreclosed on December 31, 1926. The journal entry of foreclosure recited that plaintiff's judgment was a first lien on the land.

Our only concern with the fact, if it were so, pertained to the argument on appeal as to who, if anybody, was unjustly enriched by the judgment under review. Otherwise it had no material bearing on the net result.

Appellant presses upon our attention additional tabulations of figures to prove that by no possibility could the $12,000 for which section 1 was sold be included in its dictated terms to the bankers

who conducted the correspondence for Dole. This court did not undertake to determine that issue of fact. What we tried to do was to show that the evidence, which included the correspondence and all the circumstances, was quite sufficient to resolve that stoutly controverted issue of fact into one for a jury to settle; and that it would have been an unauthorized departure from proper procedure for the trial court or for this court to usurp the jury's prerogative in respect thereto.

Counsel sharply criticize this court for the significance given to the partial release of the mortgage appearing on page 372 of this volume (*ante*, pp. 367, 372, 286 Pac. 258). It is asserted that this release was no part of the record and that we had no right to consider it. It is not asserted that the partial release is spurious. Indeed, a curious explanation, itself *aliunde* the record, is given to the transaction which gave rise to the partial release. Be that as it may, this court would have been quite within its prescribed appellate jurisdiction if it had sent for the record reciting this partial release on its own initiative. Section 580 (R. S. 60-3316) of the civil code provides that in certain circumstances the supreme court may receive further testimony and adopt any procedure not inconsistent with the code which it may deem necessary or expedient for a full and final hearing and determination of the case. This section has often been unsuccessfully invoked by litigants attempting to supply evidence which was wanting to support the judgment of the trial court, or to overthrow the judgment, but this court has repeatedly held that it may serve a useful purpose in facilitating the discharge of this court's appellate functions where the supplemental evidence is of a character whose accuracy is beyond dispute. Quite properly, we think, the recitals of the partial release can be used in this appellate review to answer the dubious argument of counsel that the entire $17,500 mortgage was extinguished by the payment of the $15,938.22 and the execution of the new mortgage for $13,275. In *Hess v. Conway*, 93 Kan. 246, 250, 144 Pac. 205, it was said:

"If the statute quoted were to be interpreted as giving this court power on appeal to determine equity cases and others not triable by jury as a matter of right, in the same way that the district court determines them, it would be unconstitutional. It must, therefore, be interpreted merely as providing this court with adequate means for exercising its true appellate jurisdiction. The nature of the court's function is not changed and the scope of its original jurisdiction is not enlarged, but the exercise of its appellate jurisdiction is

facilitated by giving it command of aids to review supplemental to the strict record of the cause and sufficient to meet the exigencies of any case.

"Sometimes the court is in need of extraneous evidence respecting some situation or fact to enable it to determine, not the propriety of the conduct of the district court, but the nature of the judgment to be directed. Sometimes a document, or probate record, or other item of evidence of like character, material to a proper determination of the appeal and substantially incontestable, is called for, or is examined if produced, and then is treated in the same way as an admission of the parties would be treated if found in the record. These instances are illustrative, and no doubt many occasions will present themselves when it will be important for the court to avail itself of knowledge of some fact not established at the trial in order that it may make just disposition of an appeal."

In section 4 of the syllabus of this same case it was said:

"Without the aid of a statute this court may, in the exercise of its appellate jurisdiction, avail itself of authentic evidence outside the record to prevent a miscarriage of justice, to avoid a useless circuity of proceeding, to protect its jurisdiction, to protect itself against imposition where the controversy has been settled or for other reason no longer in fact exists, and perhaps under other peculiar and extraordinary circumstances."

See, also, *Harris v. Burbery*, 83 Kan. 797, 112 Pac. 742; *Robinson v. Railway Co.*, 96 Kan. 137, 144, 145, 150 Pac. 636.

Appellant directs our attention to page 73 of its abstract showing the following:

"SATISFACTION OF MORTGAGE.

"The within-described indebtedness is paid, and this mortgage is hereby released this 9th day of November, 1927.     THE BANKERS MORTGAGE CO.
By J. A. FLEMING, *Secretary*."

It is not clear just what appellant wishes this court to infer from the excerpt just quoted. It immediately follows and *ought* to relate to the matter just preceding it—which is an assignment of a mortgage for $1,225, probably one of the four mortgages on the Marion county land involved in the judgment of foreclosure rendered on December 31, 1926.

A careful consideration of the arguments of counsel in support of their motion and supplemental motion for a rehearing discloses nothing of consequence which this court has overlooked, or which would be likely to lead to a different result than that already reached.

The rehearing is denied.