## No. 11,091.

## PLAINS LOAN, REALTY AND INVESTMENT CO. *v.* HOOD.

Decided December 1, 1924.

Action for damages for withholding possession of real estate. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. MORTGAGES—*Foreclosure—Payment.* Where the mortgagee at a foreclosure sale of land, bid the entire amount of the mortgage debt including costs and expenses, surrendered the note and mortgage and accepted a certificate of purchase, the transaction constituted full payment of the mortgage indebtedness.

2. *Foreclosure—Right of Possession.* When by foreclosure a mortgage debt is paid and the mortgage cancelled, all rights of the mortgagee conferred by the mortgage, including the right of possession and rents and profits, are extinguished until the period of redemption has expired.

3. *Receivership—Judgment.* After the institution of foreclosure proceedings, the mortgagee procured the appointment of a receiver to take possession of the mortgaged premises and impound the rents and profits; thereafter the receiver was discharged and the mortgagor reinvested with possession, on his motion. It is held that this judgment, being unreversed, gave to the mortgagor the use and right of possession of the premises during the period of redemption.

4. EVIDENCE—*Rental Value of Lands.* On a question of the rental value of land, although there were no cash rentals in the vicinity, testimony of witnesses who knew the value of the land, and assumed to know its rental value, held competent.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. WORTH ALLEN, for plaintiff in error.

MR. R. E. WINBOURN, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendant in error Hood, plaintiff below, brought this action against the Plains Loan, Realty and Investment Company, plaintiff in error, to recover possession of 160 acres of farm land and for damages consisting of its rental value during a period of time during which the defendant wrongfully held possession. For reasons appearing in the opinion, only the issue of damages was determined, right of possession having become vested in defendant at the time of the trial. There was a judgment for the plaintiff in the sum of $442 for rental value, which the defendant seeks to have set aside upon this review. The material facts are that the Plains Company at one time owned this farm and sold and conveyed it to Hood. Part of the purchase price was paid in money and for the balance Hood gave to the Plains Company his promissory note in the sum of $2500, and secured the same by a trust deed upon the premises to the public trustee of Weld county. The vendee Hood having defaulted in payment of the mortgage note, the Plains Company, payee, caused the public trustee to foreclose and sell the mortgaged property. At the sale the Plains Company was the successful bidder, the bid being the entire indebtedness evidenced by the note and all the costs and expenses of the sale as computed by the public trustee. Whereupon the mortgagee company cancelled the note and the trust deed and surrendered them to the public trustee, taking, in lieu thereof, the trustee's certificate of purchase. At the end of the statutory period of redemption Hood did not redeem and the trustee's deed passed to the company.

After the foreclosure proceedings were begun and before sale thereunder, the Plains Company filed a suit in equity in the district court and therein asked for and obtained the appointment of a receiver by the court, who was authorized to, and did, take possession of the lands, with a view to apply the rents and profits of the same to

the payment of the mortgage debt. Thereafter, and before sale, the receiver was, on the application of Hood, defendant in that suit, discharged by the district court and that judgment or order of discharge has not been set aside. Two days after the receiver was discharged the Plains Company, during the period of redemption and notwithstanding the adverse judgment, entered upon the premises and excluded the plaintiff therefrom and continued in possession and management of the premises and conducted farming operations thereon during the farming season, including the full period of nine months allowed the mortgagor for redemption. Plaintiff's claim for damages is for the rental value of the premises from the time defendant took possession down to the day of the expiration of the period of redemption. The mortgage or trust deed contained a clause that for the default of the mortgagor to make the prescribed payments, or for a default in any of the covenants of the instrument which he was obliged to keep, the defendant mortgagee thereupon might at once enter into possession of the premises and exclude the mortgagor therefrom and apply the rents and profits of the lands to the payment of the mortgage debt.

The assignment of errors on which a reversal is asked are: (a) Under the provisions of the trust deed or mortgage the Plains Company, as mortgagee, was entitled to the possession and the rents and profits of the premises from and after the time the mortgagor plaintiff defaulted in his payment, which principle or right was ignored or rejected by the trial court in its rulings upon the evidence and instructions to the jury. (b) That there was not sufficient evidence of the rental value of the land to sustain the verdict, and the court erred in permitting witnesses who had no knowledge of rental values to testify upon that issue.

(a) In *P. & A. V. R. R. Co. v. Beshoar,* 8 Colo. 32, 5 Pac. 639, it was held that under the statute of this state a mortgagee has a lien merely upon the mortgaged premises, and if out of possession, and not entitled to posses-

sion, cannot maintain an action of trespass for damages. In *Moncrieff v. Hare*, 38 Colo. 221, 87 Pac. 1082, 7 L. R. A. (N. S.) 1001, this doctrine was reannounced and approved. The defendant mortgagee contends that, though it is incompetent for the mortgagor at the time he gives a mortgage, and for no consideration other than that underlying that instrument, to bind himself to surrender possession before the expiration of his equity of redemption, yet he may by a contract, separate and distinct from that which -constitutes the instrument a mortgage, bind himself, and in this case he has bound himself, to do so, and, therefore, may not maintain this action. In the Moncrieff Case, supra, this court held, among other things, that where the mortgagee has made a foreclosure and sale under a mortgage, which pledges rents and profits as part of its security, a court of equity may appoint a receiver, at any time after the filing of foreclosure suit, to collect the rents and profits and have the same applied on the mortgage debt, if the security is inadequate and the mortgagor is insolvent. Other questions were determined in that case that are not here involved. With its doctrine we are satisfied, but, under the peculiar facts now before us, it does not apply to or support the contention of the defendant. There was no showing in this case that the mortgaged property was inadequate to pay the mortgage debt, or that the mortgagor was insolvent. And if the foreclosure by the public trustee is attended with the same result as a foreclosure in a court of equity, the defendant has not brought itself within the doctrine of that case. When the mortgagee in this case bid at the foreclosure sale the entire amount of the mortgage debt, including the costs and expenses of the foreclosure, and paid or made good its bid by surrendering and cancelling the note and mortgage and accepting in lieu thereof the trustee's certificate of purchase, this transaction constituted a payment in full of the mortgage indebtedness, in the event the mortgagor did not redeem, and if he did redeem, the debt would be paid out of the redemption money. In other words, the mortgage

debt was, or would be, paid in full as a result of the fore-closure sale. Any right of the mortgagee in and to the premises or possession thereof, or the right to apply rents and profits to the mortgage debt, existed only so long as the debt itself existed and the security was in force; and when that debt was cancelled and the note, the evidence thereof, and the trust deed were surrendered and cancelled, all rights of the mortgagee conferred by the mortgage, including the right of possession and rents and profits, if any, necessarily ceased to exist and were extinguished, and the statute giving to the mortgagor right of possession until the redemption period expired, revived, if it had been suspended. It is no sufficient answer, under the facts in this record, to say that the mortgagee's right to the use and possession at once, upon the default of the mort-gagor to observe the prescribed covenants, arose, and, therefore, the mortgagee was entitled to the rents and profits during the period of equity of redemption. The Moncrieff Case states the conditions on which the mort-gagee's right to possession are founded. If the mortgagor was insolvent and the security was inadequate, the mort-gagee had its remedy of applying to a court of equity for a receiver and possession and the impounding of the rents and profits. The mortgagee here did avail itself of that right, upon default of the mortgagor, and obtained the desired order; but thereafter the order of appointment was set aside and the receiver discharged and the mort-gagor was reinvested with possession. In this case, such being the state of the record, the mortgagee is not in a position to invoke the equitable doctrine which it contends for, but is bound by the unreversed decree of the district court in a case wherein the mortgagee invoked its juris-diction to get and retain possession, in which it did not succeed. To avoid any misconception, we say that our conclusion on this branch of the case rests upon the con-trolling force of this judgment in a case in which the court had jurisdiction, invoked by the mortgagee itself. In ef-fect that judgment was that, during the period of redemp-

tion under the facts of this case, right of possession and use was in the mortgagor, and not in the mortgagee. Having submitted that issue to the court for decision, the mortgagee, after an adverse ruling, may not disregard it and forcibly or otherwise, against the consent of the mortgagor, take possession and oust the latter. What might be the rights of the mortgagee, had it not been concluded by this judgment, we do not inquire, since it would be an expression of opinion upon a state of facts not in this record.

(b)   There is no merit in the other assignment of error. The mere fact that no land in Weld county was rented on a cash basis during the time in question is not an insuperable barrier to a recovery for the value of the use of this land; otherwise plaintiff would be remediless. The cash rental value, if any such there was, would be a proper measure of damage, but if no lands were rented for cash during that year it was proper for the court, as it did, to admit testimony of witnesses, who knew the value of the land and who declared that they knew its rental value. It was some evidence of the rental value and it was competent to go to the jury.

Perceiving no error in the record, the application for supersedeas is denied and the judgment is affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.