## No. 11,887.

### CHRISTIAN *v.* JEWELL, ET AL.

Decided July 5, 1927.

Action involving appointment of a receiver pending foreclosure of mortgaged property. Receiver discharged.

#### *Reversed.*

1. MORTGAGE—*Trust Deed—Foreclosure—Receiver.* Where a receiver is appointed pending foreclosure proceedings and the mortgagor is insolvent and the property inadequate to pay the indebtedness, the

mortgagee has the right—notwithstanding he bids in the property and receives a certificate of purchase—to have the receiver remain in possession to collect rents and profits to pay at least unpaid and delinquent taxes, insurance and repairs, all of which are secured by the trust deed.

*Error to the District Court of El Paso County, Hon. Wilbur M. Alter, Judge.*

Mr. WILLIAM C. ROBINSON, for plaintiff in error.

Mr. P. M. KISTLER, for defendants in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN an equity suit by the note holder, mortgagee, in aid of a pending foreclosure proceeding by the public trustee of a deed of trust upon farm lands that secured payment of the note, the district court, before sale and on March 17, 1927, appointed a receiver to take, and he took, possession of the mortgaged property to collect the rents and profits and to apply them to the payment of taxes, insurance and to other purposes as the court might direct and as the trust deed provided might be done. Five days later, on March 22, at the foreclosure sale, the note holder and mortgagee Christian bid in the property for "the amount of the principal of the debt, interest due thereon and costs of sale." On March 28, after the foreclosure sale, the court on the application, not of the mortgagor, but of one Myers, one of the defendants in the equity suit, who held two prior liens or mortgages aggregating about $1,200 on this property and to whom Jewell, the mortgagor, had conveyed the legal title, discharged the receiver on the ground that at the foreclsure sale Christian, the mortgagee, had bid in the property for the full amount of the note, interest and costs. From this

judgment discharging the receiver the plaintiff mortgagee brings error.

The parties are in accord that under the doctrine announced in *Moncrieff v. Hare,* 38 Colo. 221, 87 Pac. 1082, 7 L. R. A. (N. S.) 1001, followed in *Plains Company v. Hood,* 76 Colo. 322, 230 Pac. 1008, such provisions in trust deeds or mortgages are valid, and a court of equity may appoint a receiver, as was done in this case, to take possession of the mortgaged property and collect the rents and profits thereof to be applied on the mortgage debt, etc. Indeed, the defendants' chief reliance here in support of this discharge judgment is the Hood case so deciding, and plaintiff also relies on the principle there announced. No evidence was taken upon the hearing, but the court based its decision upon the stipulation of facts by the parties, which stipulation is: That at the mortgage foreclosure sale plaintiff bid the amount of the principal of his debt, the interest due thereon and the costs of the sale and thereupon the public trustee issued to him a certificate of purchase for the property; that the defendant mortgagor Jewell is insolvent; that the property involved is not sufficient to pay plaintiff's debt with prior encumbrances appearing of record, taxes, insurance and costs, and that plaintiff has not yet advanced any money for taxes, insurance or assessments on the land.

As we gather from the record and the briefs of counsel, the trial judge discharged the receiver on the authority of the Hood case. That case rightly understood does not furnish warrant for the judgment under review. In the Hood case the mortgagee, as here, availed himself of the right given to him by the mortgage and applied for a receiver, who was appointed, but thereafter the order of appointment was set aside and the receiver discharged and the mortgagor reinvested with possession. The mortgagee acquiesced in the decision. Here the mortgagee asks to have a similar judgment set aside. That judgment of dismissal remained unreversed. For such

reasons we held that the mortgagee in the Hood case was not in a position to invoke the equitable doctrine authorizing the appointment of a receiver to collect rents and profits. We did not decide in that case what the defendants here apparently think we did. We said in the course of the opinion: "In the Moncrieff Case, supra, this court held, among other things, that where the mortgagee has made a foreclosure and sale under a mortgage, which pledges rents and profits as part of its security, a court of equity may appoint a receiver, at any time after the filing of foreclosure suit, to collect the rents and profits and have the same applied on the mortgage debt, if the security is inadequate and the mortgagor is insolvent." But because of the conclusiveness of the judgment in that case which set aside the appointment of the receiver and reinvested the mortgagor with possession, the equitable doctrine was not there available. In the Hood case there was no showing, as there is here, that the mortgaged property was inadequate to pay the mortgage debt or that the mortgagor was insolvent. The existence of both is conceded in the case now under review. We further said, when the mortgagee at a foreclosure sale bids the entire amount of the mortgage debt—and the entire mortgage debt there was the principal of the note and interest—and the costs and expenses of the foreclosure, and pays or makes good its bid by surrendering and canceling the note and mortgage and accepting in lieu thereof the trustee's certificate of purchase, the transaction constitutes a payment in full of the mortgage debt in the event the mortgagor does not redeem. Therefore, any right of the mortgagee to the possession of the mortgaged premises, or of the right to apply the rents and profits to the mortgage debt, exists only so long as the debt itself exists and the security is in force, and when that debt is cancelled and the note, the evidence thereof, and the trust deed are surrendered and cancelled, the mortgagee's right of possession and to make application of rents and profits, if any, ceases and is extinguished.

We further said that under the facts in that case, though the mortgagee's right under the mortgage to the use and possession at once, upon the default of the mortgagor to observe the prescribed covenants, arises and the mortgagee is entitled to the rents and profits during the period of redemption, the right is not an absolute, but a conditional, one. We also said that if the mortgagor is insolvent and the security is inadequate, the mortgagee's remedy is to apply to a court of equity for a receiver and possession and the impounding of the rents and profits, and though the mortgagee there did avail itself of that right, the right was lost by the subsequent discharge of the receiver, whose appointment he had secured and, therefore, to repeat, the equitable doctrine could not be invoked by the mortgagee. Our conclusion there was based upon the controlling and binding force of the judgment of dismissal which was never appealed from and the effect of that decision, as we have said, was that the right of possession was in the mortgagor and not in the mortgagee and the mortgagee was bound by the adverse ruling, and was not permitted to disregard it and forcibly or otherwise, against the consent of the mortgagor, take possession and oust the latter, as he did in the Hood case. To make the matter clear, and to avoid misapprehension, we also said: "What might be the rights of the mortgagee, had it not been concluded by this judgment, we do not inquire, since it would be an expression of opinion upon a state of facts not in this record."

We think it has been sufficiently shown that the Hood case is not authority for the discharge of the receiver in the case now under review because of the dissimilarity in the facts. Furthermore here it is stipulated that the mortgagor is insolvent and the security is inadequate. The amount of the bid at this foreclosure sale was the principal of the mortgage debt evidenced by a note, and the interest thereon and costs of sale only. The applicant for the discharge of the receiver held prior mort-

gages on this property to the extent of about $1,200, upon which interest, etc., were delinquent and the mortgaged land had been sold for delinquent taxes. Christian's mortgage in the action before us secured, not merely the principal and interest of his debt and the costs of sale, but taxes and assessments and insurance on the improvements, and repairs and interest on prior encumbrances, none of which are included in the mortgagee's bid, the aggregate amount of which is a considerable sum. The trust deed itself expressly says that the mortgagee or beneficiary may have a receiver at any time during the foreclosure proceeding to collect the rents and profits to apply upon the mortgage debt, taxes and insurance and other charges, even after the foreclosure sale and during the redemption period. The language of the opinion in the Hood case must be taken, as always, in connection with the facts of the case in which it was employed. The mortgagor is not here complaining. It is the grantee of his legal title, subject to all these encumbrances, who secured the discharge of the receiver. The period of redemption has not yet expired. The amount of the insurance and unpaid taxes and interest on prior encumbrances and penalties on delinquent tax sales on the land which have been made are still unpaid and they are not included in the amount of the bid. There is no evidence in this record that the mortgagee when he made his bid and received the certificate of purchase, surrendered the mortgage note or that the same was cancelled. The stipulated facts do not so state. It is apparent from the foregoing statement that the mortgagee has the right, notwithstanding his bid at the foreclosure sale and his receipt of the certificate of purchase, to have the receiver remain in possession to collect rents and profits to pay at least unpaid and delinquent taxes, insurance and repairs, all of which are secured by the trust deed. Even if the amount of rents and profits collected by the receiver during the remaining portion of the period of redemption should exceed the total sum of these mentioned secured

items the excess could, and doubtless will, be apportioned or distributed by the court in accordance with the rights of the respective parties.

The judgment of the district court is reversed and the cause remanded with instructions to the district court to vacate its order discharging the receiver and to reinstate him and reinvest him with authority to take possession of the property and collect rents and profits thereof to be distributed by the court in accordance with the rights of the parties.