No. 12,683.

Denver Motor Hotel Company v. National Mortgage and Discount Corporation.

(292 Pac. 1108)

Decided November 3, 1930.

Mr. EDWIN H. PARK, for plaintiff in error.

Mr. S. R. ROBERTSON, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

THE Denver Motor Hotel Company, plaintiff in error, seeks a reversal of an order of the Denver district court appointing a receiver of its property pending a foreclosure proceeding instituted against it by the National Mortgage and Discount Corporation, defendant in error, contending that the evidence was insufficient to warrant such appointment.

The record discloses that on or about December 1, 1928, plaintiff in error conveyed its property, a concrete building used for the temporary storage of automobiles and incidental purposes, in trust, to Herman H. Strauss to secure bonds aggregating $375,000, with interest thereon at 6 per cent payable semi-annually, and subsequently and on January 11, plaintiff in error executed to the defendant in error a deed of trust to the public trustee securing promissory notes aggregating $90,000, of which amount $66,538.70 is unpaid; that interest exceeding $12,000 on the first mortgage bonds is unpaid; that the last half of the general taxes for the year 1928 and the general taxes for the year 1929, aggregating in excess of $3,000, have not been paid; that numerous mechanics' lien claims are unpaid, and default judgment covering one thereof has been entered; that ground floor leases of portions of said property have been cancelled and these are now vacant; that the revenue derived from the operation of the Motor Hotel has not been used to pay the mortgage and deed of trust, and that the

property involved is of insufficient value to pay the indebtedness created by the first mortgage; that on December 3, 1929, for the purpose of giving plaintiff in error an opportunity to overcome its financial difficulties, defendant in error agreed to extend the payment of its indebtedness, which was then $73,000, until December 1, 1930, at which time $1,000 was payable and a like amount payable thereafter quarterly and the entire balance being payable December, 1933, interest on said indebtedness being at the rate of 7 per cent per annum and payable quarterly beginning March 1, 1930.

This extension agreement also contained a provision that the plaintiff in error retain "all rights under the terms of the notes, guaranty and deed of trust, as extended." No interest due under this extension agreement was paid. As additional security to its deed of trust, plaintiff in error had turned over to the defendant in error stock subscription notes aggregating $34,400, of which amount $6,461.40 had been collected and applied on the balance of the principal of said indebtedness, leaving $66,538.70 unpaid. The pleadings show that the deed of trust contains a provision that a receiver shall be appointed in the event of any default thereunder. The lower court found the issues generally for the defendant in error; that the property was of insufficient value to pay the indebtedness secured by said deed of trust and mortgage; that the plaintiff in error was insolvent and that the provisions of said deed of trust in case of insolvency authorized the appointment of a receiver and thereupon entered the order here questioned.

The foregoing statement of the evidence is amply sufficient to justify the findings of the lower court that plaintiff in error was insolvent, and there is nothing in the record to show that the court abused its discretion in appointing a receiver.

Counsel for the plaintiff in error strenuously contends that by virtue of the terms of the extension agreement, plaintiff in error was not in default as to principal and

that the proceeds of the stock subscription notes collected by the defendant in error should have been applied on interest due under said extension agreement and not upon the principal, in which event no default on account of interest would have arisen.

It is not necessary to determine whether or not the money so collected should first have been applied to accrued interest and then to principal, because the default of the plaintiff in error arising out of its insolvency in itself was sufficient to authorize the appointment of a receiver.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.