No. 12,925.

CHEMICAL BANK AND TRUST COMPANY v. NATIONAL MORT-
GAGE AND DISCOUNT CORPORATION.
(28 P. [2d] 812)

Decided December 18, 1933. Rehearing denied January 22, 1934.

Mr. Thomas H. Hood, for plaintiff in error.

Mr. S. R. Robertson, for defendant in error.

Mr. Harry S. Silverstein on petition for rehearing.

*In Department.*

Mr. Chief Justice Adams delivered the opinion of the court.

The parties are aligned as at the trial. Plaintiff in error will be referred to as the bank, defendant in error as national company and Nina M. Knox and Thomas C. Knox as the mortgagors. The bank and national company respectively claim a certain fund in the hands of a receiver, which was later paid into the registry of the court, pending its ultimate disposal. It was ordered to be paid to the national company; the claim of the bank was dismissed and it prosecutes error. The mortgagors assert no interest in the fund and are not parties to the present writ.

The mortgagors owned income property consisting of an apartment house in the city of Denver, on which the bank held a first mortgage and national company a second deed of trust. Each of these claims was reduced to judgment. The bank foreclosed, bid in the property for the full amount of its claim, with interest and costs, and

obtained a sheriff's certificate of purchase, which later ripened into a deed. About two months after the sheriff's sale, the bank applied to the court for a receiver to take charge of and care for the property, prevent waste, collect rents and pay taxes. A receiver was appointed with the usual powers and duties in foreclosure cases. He qualified, entered upon the discharge of his duties, collected rents, paid necessary expenses, but no taxes. The net proceeds of the receivership, severally claimed by the parties, amounts to the sum of $1,681.55.

The bank claims the fund in question by virtue of the fact that after the judicial sale and during the period of redemption, it expended the sum of $1,721.78 ($40.23 in excess of the net proceeds of the receivership), for taxes accrued on the realty which became delinquent or were about to become delinquent during said period. National company contends that no matter what the bank paid in this behalf, it was equivalent to payment of taxes on its own property, hence cannot be recovered. National company resists the claim of the bank for the further reason, so it is said, that the amount of the above taxes was incorporated in the bid of the bank at the sheriff's sale, and that the claim of such purchaser was thereby fully satisfied. However, national company has unquestionably misconstrued the undisputed testimony. It appears therefrom that other delinquent taxes were included in the bid of the purchasing bank, but not the taxes represented by its claim for $1,721.78, which arose after the judicial sale took place.

The claim of national company to the fund in dispute arises from the fact that it is a judgment creditor of the mortgagors. The latter are insolvent and their indebtedness to the former is far in excess of the receivership fund. The figures show conclusively that such monies are insufficient to satisfy the demand of either claimant. The sole question then, as we view it (aside from one question of procedure), is whether such fund is charge-

able with the payment of current taxes which would have become delinquent during the period allowed for redemption except for the fact that the bank paid them. If so, the judgment must be reversed.

■ 1. National company moved to dismiss the writ of error on the ground that the bank did not file a motion for a new trial, as required by our rule 8. We denied the motion to dismiss, with leave to renew on final hearing, but it is not well taken. Rule 8 does not apply when the questions presented to the trial court were purely questions of law. *Ahart v. Sutton*, 79 Colo. 145, 149, 244 Pac. 306.

■ 2. When the bank obtained its judgment for the full amount of its claim against the mortgagors, it followed the usual practice of surrendering its note into court. From this fact and also because of the subsequent bid of the bank at the sale, national company claims that the transaction constituted full payment of the mortgage indebtedness, citing *Plains Loan, Realty and Investment Co. v. Hood*, 76 Colo. 322, 230 Pac. 1008; *Christian v. Jewell*, 82 Colo. 222, 257 Pac. 1082; *International Trust Co. v. Stearns Investment Co.*, 87 Colo. 31, 285 Pac. 169. We need not enter into an analysis or differentiation of the above cases from the one at bar. Our labors are simplified by reference to an act of the legislature passed after the time that foreclosure took place in each of the above cases. The subsequent statute, Session Laws 1929, chapter 151, pages 538 et seq. controls the present action. Section 9, page 542, of this law makes it incumbent upon the owner, inter alia, to pay current taxes during the period of redemption before a penalty accrues. Another section of the act provides for the appointment of a receiver if the facts justify it. The facts here justified such appointment. The officer was in possession, caring for the property, collecting rents, etc., and it was incumbent upon the court to order him to pay the current taxes which the owner had

failed to pay. Under the above statute the bank did not need to rest its claim on the note and mortgage which it surrendered, for in lieu thereof it held a certificate of purchase, the holder of which is protected by the 1929 act.

Other questions are argued at length but they are not necessary to our decision. The judgment is reversed and the cause remanded with directions to reinstate the claim of the bank and allow it.

MR. JUSTICE CAMPBELL and MR. JUSTICE HILLIARD concur.