No. 13,952.

WALKER v. FLEMING.
(68 P. [2d] 445)

Decided April 26, 1937.   Rehearing denied May 24, 1937.

Mr. JAMES R. HOFFMAN, for plaintiff in error.

Mr. JOHN J. MORRISSEY, Mr. CHARLES A. MURDOCK, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error, who was an intervener in a mortgage foreclosure case below, sought to reach $149.54 in the registry of the trial court to apply on unpaid taxes on the property foreclosed. The trial court sustained a motion to dismiss the petition, which action forms the basis of intervener's assignments of error.

The facts are substantially as follows: On September 14, 1933, defendant in error (defendant below) gave a trust deed to the Supreme Camp of the American Woodmen on certain property in Denver to secure payment of $3,500, upon which she subsequently defaulted and the Woodmen foreclosed. The property was sold at public trustee's sale July 2, 1935, and on July 9th a receiver was appointed to take possession of the property, collect the rents and pay the taxes and costs of the receivership.

On January 11, 1936, John R. Walker, plaintiff in error here, redeemed the property as a judgment creditor and a public trustee's deed was issued to him on January 15, 1936; that same day the defendant in error, Fleming, conveyed the property by warranty deed to Grace Mahon Walker, wife of the plaintiff in error here, who in turn assigned the rent money in the hands of the receiver to the intervener.

On January 18, 1936, plaintiff in error filed his petition in intervention alleging the facts substantially as above outlined, and praying that the $149.54 being held in the registry of the court be applied to the payment of the taxes which had become due and payable during the period of redemption.

The only question we are called upon to determine is whether one who has received a trustee's deed under such circumstances is entitled to have the money which the receiver collects as rent for the property during the period of redemption applied on the payment of the taxes in question.

We think that this case falls squarely within the doctrine announced in *Chemical Bank & Trust Co. v. National Mortgage & Discount Corp.*, 94 Colo. 63, 28 P. (2d) 812. Because of the various conveyances to him the intervener stood in no different position than the purchaser at the foreclosure sale, and if called upon to pay taxes during the period of redemption he is entitled to be reimbursed to the extent that the money in the hands of the receiver will permit, and particularly would that be true in this case where the receiver was ordered to pay the taxes.

The judgment is accordingly reversed and the cause remanded with directions to reinstate the claim of the intervener for $149.54 and allow it.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.