Mr. Chief Justice Moore
delivered the opinion of the Court.
This is an original proceeding in which Florence N. Baugh and John M. Baugh filed a petition upon which we issued a rule to show cause directed to the respondents above named. They have appeared in response to the rule.
The petitioners were owners of the fee title to real estate occupied by them. The property was subject to the liens of a first and a second deed of trust. A foreclosure sale on the second deed of trust was conducted by the Public Trustee, and the holder of the note secured by that deed of trust acquired a certificate of purchase upon bidding the full amount due on the note. Thereafter the certificate holder applied to the respondent court for the appointment of a receiver and a receiver was appointed to function during the statutory period of redemption.
The second deed of trust contained a provision that the makers thereof would,
“* * * promptly pay all taxes, assessments, levies, water rents, insurance premiums, and all amounts due on prior encumbrances, if any, as they become due * * Payments due on the first lien were not paid and the beneficiary named in the second deed of trust was required to make payments thereon. This deed of trust contained a provision to the effect that if default was made in performance of any obligations contained in the instrument,
“* * * the beneficiary or the Holder of a Certificate of Purchase, shall at once become entitled to the possession, use and enjoyment of the property aforesaid and to the appointment of a Receiver for said property and *194 of the rents, issues, and profits thereof, * * * and such receiver may be appointed by a court of competent jurisdiction upon ex parte application, * *
It is the position of the Baughs that because the beneficiary of the second deed of trust appeared at the foreclosure sale and bid the full amount of the indebtedness, surrendered the promissory note and the deed of trust, and accepted in lieu thereof a Certificate of Purchase issued by the Public Trustee without requesting appointment of a receiver, he (the beneficiary) cannot secure the appointment of a receiver. The trial court held otherwise and thereupon the Baughs petitioned this court and the rule to show cause issued.
 Counsel for petitioners argue that at the time of the delivery by the Public Trustee of the Certificate of Purchase to the beneficiary, Jean Hodson, all of the rights of Hodson created under the terms of the deed of trust were extinguished. In support of this position counsel directs our attention to Plains Loan, Realty and Investment Co. v. Hood, 76 Colo. 322, 230 P. 1008, and Moncrieff v. Hare, 38 Colo. 221, 87 P. 1082. We need not consider in detail these decisions for the reason that C.R.S. 1963, 118-9-13(1) and (3), which were enacted after those decisions, and later decisions of this court make it clear that there is no merit to the argument advanced by counsel for petitioners. Pertinent provisions of the above cited statutes are as follows:
“(1) * * * in case of waste committed or danger of waste or an actual probability of the security being rendered inadequate, a receiver may be appointed to take possession and preserve the property at any time after the sale under such foreclosure. * * *”
“(3) Nothing in this article shall restrict the power of the court in the appointment of a receiver pursuant to existing law or pursuant to agreement between the parties.”
The district court in appointing a receiver in the instant case correctly applied the doctrine announced in *195 Chemical Co. v. National Corp., 94 Colo. 63, 28 P.2d 812, from which we quote the following:
“* * * y/.e neec[ not enter into an analysis or differentiation of the above cases from the one at bar. Our labors are simplified by reference to an act of the legislature passed after the time that foreclosure took place in each of the above cases. The subsequent statute, Session Laws 1929, chapter 151, pages 538 et seq. controls the present action. Section 9, page 542, of this law makes it incumbent upon the owner, inter alia, to pay current taxes during the period of redemption before a penalty accrues. Another section of the act provides for the appointment of a receiver if the facts justify it. The facts here justified such appointment. The officer was in possession, caring for the property, collecting rents, etc., and it was incumbent upon the court to order him to pay the current taxes which the owner had failed to pay. Under the above statute the bank did not need to rest its claim on the note and mortgage which it surrendered, for in lieu thereof it held a certificate of purchase, the holder of which is protected by the 1929 act.”
On May 13, 1968, in Schwab, Executor v. Martin, 165 Colo. 547, 441 P.2d 17, this court adhered to the holding in Chemical Co. v. National Corp., supra. We said in that opinion:
“Moreover, the interpretation of Plains Loan, supra, which Schwab urges on this Court has been foreclosed by the subsequent adoption of C.R.S. 1963, 118-9-13, specifically authorizing appointment of a receiver after sale where there is waste or danger of waste. See Chemical Bank & Trust Co. v. National Mortgage & Discount Corp., 94 Colo. 63, 28 P.2d 812. We therefore hold that the purchasers, under the circumstances of this case, were entitled to appointment of a receiver after sale, both under the terms of their deeds of trust and under the statute.”
The rule to show cause is discharged.
Mr. Justice Hodges not participating.