599 P.2d 276 (1979)
IMPERIAL MORTGAGE CORPORATION, a Colorado Corporation, Plaintiff-Appellant,
v.
The TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, a Rhode Island Corporation licensed in Colorado, Defendant-Appellee.
No. 78-1219.
Colorado Court of Appeals, Div. I.
July 26, 1979.
*277 Galchinsky & Silverstein, Herbert H. Galchinsky, Denver, for plaintiff-appellant.
Michael J. Barbo, Denver, for defendant-appellee.
COYTE, Judge.
Plaintiff appeals from a summary judgment which held that when a mortgagee bid the full amount owed on its mortgage at a foreclosure sale, it thereby extinguished any insurable interest which it had in the property. It could not thereafter recover from the fire insurance carrier for damages to the property caused by a fire on the property prior to the foreclosure sale. We affirm.
William J. Miller owned property in Jefferson County and had a $15,000 loan from plaintiff which was secured by a note and deed of trust. Miller also had a policy of fire insurance with defendant, Travelers Indemnity Company, which policy named plaintiff as mortgagee. The policy provided that: "[D]amage, if any to buildings insured . . . shall be payable to the mortgagee or [trustee] named in the declarations as interest may appear."
Miller had a fire on his premises and sustained $9,216 damage to the property which through inadvertence was not paid by Travelers to plaintiff, but was paid instead to Miller. Miller subsequently defaulted in making payments on his note, and plaintiff thereupon foreclosed on the note through the Public Trustee of Jefferson County. At the foreclosure sale plaintiff bid the property in for the total amount due under the mortgage including interest and costs. The note was cancelled, and a deed was eventually issued by the Public Trustee to plaintiff. Plaintiff ultimately sold the property for approximately $9,000 less than it had bid for the property at the foreclosure sale, and then brought this suit against Travelers for the amount of the damages to the property covered by defendants insurance policy, that being the amount which had previously been paid to Miller.
Travelers alleged as an affirmative defense that plaintiff's insurable interest in the property had been terminated. Each party filed a motion for summary judgment. There is no factual dispute. The trial court held that:
"[T]he plaintiff, by bidding the full amount of the indebtedness, with interest and costs, by receiving deed and title to the property, thus taking the property in full satisfaction of the debt, terminated its interest in the insurance proceeds and cannot maintain an action to recover under the mortgage interest certificate of Defendant's policy."
A mortgagee extinguishes its rights to further proceeds from the mortgagor following the satisfaction of the mortgage held on the property, and here the entire debt was satisfied when the full amount was bid and accepted on the mote. Plains Loan, Realty & Investment Co. v. Hood, 76 Colo. 322, 230 P. 1008 (1924). See also Christian v. Jewell, 82 Colo. 222, 257 P. 1082 (1927).
As stated in International Trust Co. v. Stearns Investment Co., 87 Colo. 31, 285 P. 169 (1930):
"The situation was the same as though a stranger had purchased the property at the foreclosure sale, paying therefor . . the full amount of the principal indebtedness, with interest thereon, after first paying the costs and expenses of sale."
Plaintiff argues that the wording of the policy, which provides that "the mortgagee's interest shall not be invalidated by *278 any foreclosure or other proceedings or notice of sale relating to the property," creates a contract between plaintiff and Travelers wherein Travelers agreed to remain liable on the insurance contract. We disagree.
As stated in Aetna Insurance Co. v. Baldwin County Building & Loan Ass'n, 231 Ala. 102, 163 So. 604 (1935):
"The provision in the mortgage clause by which the policy shall not be invalidated as to [the mortgagee] by the foreclosure does not refer to a forfeiture of his right after the loss occurred, but to the status existing at the time of the loss. The stipulation is that the insurance shall not be invalidated by such foreclosure; not that thereby the mortgagee may not loose his right to collect the loss by a foreclosure.
. . . . .
"It is a fixed principle that when a mortgagee forecloses his mortgage, and at the sale the property brings, and he collects the full amount of his debt, he is no longer a creditor, but his debt is paid.. . . He is then the owner of the property, and not a creditor."
Plaintiff had a right to recover the damages caused by the fire up to the amount of the policy, not to exceed the balance due on the note, see Carpenter v. Providence Washington Insurance Co., 16 Pet. 495, 10 L.Ed. 1044 (1845), until it bid in the property at the sale for the full amount owing on the note, plus interest and costs. At that time its interest was extinguished, and the mortgagor became entitled to the entire proceeds from the fire loss. As stated in Power Building & Loan Ass'n v. Ajax Fire Insurance Co., 110 N.J.L. 256, 164 A. 410 (1933):
"[I]f the sale brought enough to pay the plaintiff's debt in full, that wiped out any liability on the part of the insurance company, for, clearly, the plaintiff could not recover at the foreclosure suit the full amount of its mortgage, thereby having the debt for which the mortgage was given as security entirely satisfied, and then in addition recover from the insurance company the amount of money provided for in the policy. In other words, after the foreclosure sale and the satisfaction of the plaintiff's debt, it ceased to have any interest as mortgagee in the premises covered by the policy."
Here, there is no invalidation of the loss payable clause. Plaintiff merely extinguished the debt by bidding the property in at the sale for the entire amount of the indebtedness, and thus plaintiff's interest in the policy was extinguished. Whitestone Savings & Loan Ass'n v. Allstate Insurance Co., 28 N.Y.2d 332, 321 N.Y.S.2d 962, 270 N.E.2d 694 (1971).
Judgment affirmed.
VAN CISE and STERNBERG, JJ., concur.