JEFFERSON BANK & TRUST, a
Colorado corporation,
Plaintiff-Appellee,

v.

Robert L. HUNT, Defendant-Appellee,

and

G. Mildred Davis, personal representative of the Estate of Melrose W. Davis, deceased, Defendant-Appellant.

No. 83CA0770.

Colorado Court of Appeals,
Div.IV.

March 7, 1985.

Rehearing Denied April 4, 1985.

Certiorari Denied Sept. 3, 1985.

Norton & Miller, Michael J. Norton, Richard F. Mutzebaugh, Golder, for plaintiff-appellee.

Dixon & Snow, Jerre W. Dixon, Ellis J. Mayer, Denver, for defendant-appellee.

Robinson & Scheurer, P.C., Richard J. Scheurer, Michael D. Boster, Lakewood, for defendant-appellant.

**994**

HODGES, Justice.*

This case was commenced in the trial court by plaintiff, Jefferson Bank & Trust (Bank) as an action in interpleader to determine its responsibility with respect to a trust established by defendant Robert L. Hunt as settlor, and defendant Melrose Davis as beneficiary (now the personal representative of his estate). It was alleged that a dispute existed between Hunt and Davis regarding the proper party to whom distribution should be made by the Bank as trustee. In answer to the complaint, Davis asserted that no valid controversy existed, and counterclaimed against the Bank for breach of a fiduciary duty. Davis also cross-claimed against Hunt for breach of contract and breach of the trust agreement. Hunt cross-claimed against Davis for reimbursement for a distribution made to Davis under the trust.

The trial court ruled that Hunt was entitled to the corpus of the trust and accumulated interest, and entered judgment for Hunt on his cross-claim against Davis. The trial court dismissed Davis' counterclaim against the Bank, and his cross-claim against Hunt.

On this appeal by Davis, the central issues concern the trial court's rulings that Hunt was entitled to the corpus of the trust; that the trust was, in effect, additional security for payment of the promissory notes also secured by a deed of trust on real property; and that the bid by Davis at the foreclosure sale of the entire balance of principal owing on the promissory notes, plus interest and costs, nullified the beneficiary status of Davis under the trust. The rulings and judgment are affirmed.

### I.

A resume of the facts regarding the promissory notes and establishment of the trust is necessary for an understanding of this case. In early 1978, Hunt and Davis entered into an agreement concerning the purchase by Hunt from Davis of a parcel of land with water rights in Adams County for approximately $1,400,000. As purchaser, Hunt paid Davis about $140,000 and executed five promissory notes payable to Davis in the aggregate amount of the balance. These notes were secured by a single deed of trust covering the land and the water rights. The promissory notes included a non-recourse provision which states: "In the event of default ... the holder ... shall look solely to such security for satisfaction of the indebtedness...."

Thereafter, Hunt negotiated a sale of the water rights to a municipality. This required that the water rights be released from the lien of the deed of trust securing the payment of the five non-recourse notes. After protracted negotiations between Hunt and Davis for release of the water rights from the lien, it was agreed that $700,000 would be considered the value of the water rights and that of this amount Hunt would pay Davis $450,000 in cash "to be applied first to accrued interest on the notes and the balance towards principal." As to the $250,000 balance, it was agreed that Hunt would establish a trust in this amount at the Bank for the benefit of Davis. The trust as established in 1979 provided for yearly interest payments and payment of $250,000 on February 1, 1982, to Davis. Payments from the trust were to be made only in the event Hunt did not make such payments direct to Davis. If Hunt made the payments the trust was to terminate and the corpus and interest were to be returned to Hunt as settlor. Hunt made none of the required payments under the notes after the trust was established.

In 1980, Davis started foreclosure of the deed of trust because of Hunt's defaults. At the public trustee's sale, Davis bid in the full amount of the unpaid principal owing on the notes, together with interest, fees, and costs. Davis received a public trustee's deed on the property after the period of redemption.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

Prior to the foreclosure sale, Davis received an interest payment from the trust of $15,328. After the foreclosure sale and the redemption period, Davis received an interest payment of $46,764 from the trust.

Hunt requested the Bank to disburse the corpus of the trust to him on the ground that Davis' bid at the foreclosure sale had discharged his obligations under the notes, deed of trust, and the trust. Davis maintained that the trust should continue and pay him the sums provided in the trust agreement. At this point the Bank initiated this court action to ascertain its obligation under the trust.

## II.

On appeal, Davis argues that the trial court erred because its rulings and judgment had the effect of nullifying the trust agreement.

█ The trial court correctly ruled that in this case the bid, including the full balance of unpaid principal, interest, costs, and fees at the foreclosure sale, constituted payment in full of the promissory notes. It is universally acknowledged that such a bid wipes out the obligation of a promissory note secured by a deed of trust or a mortgage. *International Trust Co. v. Stearns*, 87 Colo. 31, 285 P. 169 (1930); *Imperial Mortgage Corp. v. Travelers Indemnity Co.*, 43 Colo.App. 74, 599 P.2d 276 (1979).

█ Davis contends in effect that this rule should not apply to the trust in this case because the trust was a "substitute" or an "additional" security and that it was the intention of the trust agreement to insure to Davis that he would receive the total cash payment of $700,000 for the water rights which he released from the lien of the deed of trust. Consequently, Davis argues, the trust stands on its own as a separate and subsequent agreement between the parties, and should have remained unaffected by the foreclosure. On the basis of the evidence before it, the trial court's rulings and judgment in effect rejected these assertions, and our examination of the record causes us to agree with the trial court.

Schedule B of the trust agreement recites the amounts and dates of interest payments, and the date and amount of a principal payment of $250,000, and provides that the Bank, as trustee, was to pay these amounts to Davis unless Hunt made the payments directly to Davis. As provided in the letter of understanding dated September 1979 between Davis and Hunt, the $450,000 paid to Davis for the water rights was to be "applied first to accrued interest on the notes and the balance toward principal." As additional consideration, this letter of understanding specified that Hunt would "provide Davis with substituted security of market value of not less than $250,000," which was the trust established at the Bank by Hunt. Thus, it is clearly evident that it was the expressed intention of the parties that any payments made to Davis by the Bank as trustee were to be credited as payment of interest and the unpaid balance of principal on the notes.

The trust as set up in this case was no more than an added security for the payment of the promissory notes. When Hunt's liability under the promissory notes ceased, the liability of the trust for the benefit of Davis likewise ended.

The evidence fully supports the trial court's rulings and judgment, the effect of which is to terminate any further disbursements from the trust to Davis, and to require Davis to return the disbursement from the trust which was made by the Bank after the cancellation of the notes as the result of the foreclosure sale. These determinations by the trial court are amply supported by the record and will not be disturbed on appeal. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

## III.

█ Davis also argues that the non-recourse provisions in the promissory notes removes this case from the application of the rule that a sufficient bid at a foreclosure sale is tantamount to full payment of the secured obligation and operated here

to satisfy fully Hunt's obligation to Davis under the trust. Davis has presented, and we have found, no authority to support this contention. Under the facts of this case, it is our view that the non-recourse provisions of the promissory notes have no bearing whatsoever on the rights or obligations of the parties other than as expressed by the trial court in its rulings and judgment.

## IV.

Davis also alleges error by the trial court in dismissing his counterclaim against the Bank for breach of fiduciary duty, and in dismissing his cross-claim against Hunt for breach of contract. Our affirmance of the trial court's rulings and judgment for the most part makes these allegations moot; however, even if they were not moot, we would see no merit to these contentions, nor does the record reveal any substantial evidence in support of these claims.

The rulings and judgment of the trial court are affirmed.

ENOCH, C.J., and SILVERSTEIN, J.,* concur.