BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Plaintiff-Appellee,

v.

DENVER HOTEL ASSOCIATION LIMITED PARTNERSHIP, a Colorado limited partnership, Defendant-Appellant.

No. 91CA0083.

Colorado Court of Appeals, Div. IV.

April 9, 1992.

Morrison & Foerster, Stewart McNab, Jeanette K. Wotkyns, Denver, for plaintiff-appellee.

Brownstein Hyatt Farber & Madden, P.C., Douglas M. Tisdale, Kenneth R. Bennington, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Denver Hotel Association Limited Partnership (Hotel), appeals orders denying its motion to vacate receivership, motion for reconsideration, and motion to require a cost bond. The orders denying the motion to vacate receivership and motion for reconsideration are affirmed. The order denying a cost bond is reversed, and the cause is remanded with directions to set a date for the filing of a cost bond.

Plaintiff, Bank of America National Trust and Savings Association (Bank), commenced this action by filing a verified complaint for appointment of receiver in the district court. In its complaint, the Bank alleged that it was the holder of a promissory note in the amount of $16,500,000 payable by defendant and was a beneficiary under a deed of trust on property in the City and County of Denver securing that note. Also, it asserted that it was the assignee under a collateral assignment of rents, profits, and income upon default by defendant under the note or deed of trust.

The Bank further alleged that the Hotel was in default and, pursuant to the terms of the deed of trust and assignment, it was entitled to the appointment of a receiver who had the right to manage and operate the property and apply the rents, profits, and income to the operation and management of the property and to the payment of the Hotel's promissory note and deed of trust. On the same day that the Bank filed its complaint, it also initiated a judicial foreclosure of the mortgaged property.

Upon the Bank's *ex parte* motion, the court appointed a receiver, and the Hotel subsequently filed a motion to vacate. Following hearing, the court denied the Hotel's motion on the basis that the Hotel was in default and that it had agreed in a contract to the appointment of a receiver. It also ruled that the Bank was entitled to

a receiver under the provisions of C.R.C.P. 66 and the statute now codified at § 38–38–601, C.R.S. (1991 Cum.Supp.).

## I.

The Hotel first contends that the trial court abandoned its own judgment and discretion by simply relying on the contract between the parties for the purposes of determining whether the appointment of a receiver was appropriate. The Hotel argues that, under § 38–38–601, C.R.S. (1991 Cum.Supp.), the court may appoint a receiver only if the security is clearly inadequate or if there is danger of waste and that the statute does not provide for the appointment simply based on a contract between the parties. We reject these arguments.

The pertinent portion of the deed of trust, here, provides that:

Beneficiary, in any action to foreclose this Deed of Trust, ... or, if an Event of Default shall have occurred and be continuing, upon application to a court of competent jurisdiction, shall be entitled, without notice to Grantor ... and without regard to the adequacy or value of the Mortgaged Property or the solvency of any party bound for its payment, to the appointment of a receiver(s) to take possession of and to operate the Mortgaged Property and to collect the rents and profits thereof.

In the absence of countervailing public policy or an express statutory provision barring waiver, parties may enter into contracts extinguishing or limiting statutory provisions which confer a right or benefit on one or both parties. *Martinez v. Continental Enterprises*, 730 P.2d 308 (Colo.1986).

Section 38–38–602(3), C.R.S. (1991 Cum. Supp.) provides that: "Nothing in this article shall restrict the power of the court in the appointment of a receiver pursuant to existing law or pursuant to agreement between the parties." *See Baugh v. District Court*, 166 Colo. 192, 442 P.2d 408 (1968) (purchaser at foreclosure sale authorized

by statute and deed of trust to secure appointment of receiver).

Further, our supreme court in *Denver Motor Hotel Co. v. National Mortgage & Discount Corp.*, 88 Colo. 156, 292 P. 1108 (1930) held that default of a plaintiff arising out of its insolvency was sufficient to authorize the appointment of a receiver under a deed of trust containing a provision that a receiver shall be appointed in the event of any default thereunder. *See also Schwab v. Martin*, 165 Colo. 547, 441 P.2d 17 (1968) (upholding appointment of receiver under provision of deed of trust); *Phillips v. Webster*, 162 Colo. 315, 426 P.2d 774 (1967) (mortgagees were entitled to appointment of receiver under terms of deed of trust).

Here, the deed of trust provided that the Bank was entitled to the appointment of a receiver in the event of default without regard to the adequacy or value of the property or the solvency of any party bound for its payment. Accordingly, the trial court did not abuse its discretion.

## II.

■ We also disagree with the Hotel's contention that the trial court erred in allowing the receivership to go forward without the benefit of a full trial on the issue of whether it was in default under the relevant loan documents and the ongoing agreements between the parties regarding payments being made to the Bank.

■ Findings made by the trier of fact must be accepted on review unless they are so clearly erroneous as not to find support in the record. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Here, the court held a hearing on defendant's motion to vacate the order appointing a receiver. At that hearing the managing general partner of the Hotel admitted that $16,500,000 in principal plus accrued interest remained unpaid more than four years after the loan matured in March 1986. Moreover, the Bank submitted to the court a defaulted note purchase agreement executed in July 1989 between the Bank, the hotel, and a third party in which

the Hotel stated that it had "failed to satisfy its payment obligation" as described above. The same managing general partner also admitted that the Hotel had not tendered the $9 million due under the terms of the July 1989 agreement by its expiration date.

We conclude that there is ample support in the record to uphold the trial court's finding on default.

■ The Hotel's argument that the proceedings in the trial court were in some way deficient cannot be raised for the first time on appeal. *Mohawk Green Apartments v. Kramer*, 709 P.2d 955 (Colo.App. 1985).

## III.

■ The Hotel next asserts that the Bank has failed to demonstrate its rights to the revenues being generated by the property. The Hotel argues that the proper perfection of such rights to hotel charges and income received from the rental of guest rooms must be accomplished pursuant to § 4–9–401, C.R.S., and that the Bank has failed to meet its burden of establishing any right to such personal property. Again, we disagree.

Section 4–9–401 contains provisions for the proper place to file in order to perfect a security interest. Such filing provides the basis for determining priority among conflicting security interests. *See* §§ 4–9–301 and 4–9–312, C.R.S.; *Branch v. Steph*, 389 F.2d 233 (10th Cir.1968); *In re M. Vickers, Ltd.*, 111 B.R. 332 (D.Colo.1990).

■ Here, the dispute is between the secured creditor and the debtor and the failure to perfect a security interest does not affect the validity of the security interest between the parties. *See Young v. Golden State Bank*, 39 Colo.App. 45, 560 P.2d 855 (1977).

Section 4–9–201, C.R.S., provides that: "Except as otherwise provided by this title, a security agreement is effective according to its terms between the parties...."

Section 4–9–203(1), C.R.S. (1991 Cum. Supp.) provides that a security interest is

not enforceable against a debtor unless: (a) the debtor has signed a security agreement which contains a description of the collateral, (b) value has been given, and (c) the debtor has rights in the collateral.

In this case, the Bank's deed of trust explicitly provides that it is a security agreement and the definition of "Mortgaged Property" contained therein describes the collateral to include the revenues from the property. Further, the collateral assignment of rents, profits, and income between the Bank and the Hotel was clearly intended to create a security interest in the Hotel's revenues as evidenced by the following language:

> WHEREAS, the Lender desires to acquire the Assignor's right to collect all rents, income and security deposits arising from overnight occupancy and space rented to tenants of the Property and from services and merchandise sold to patrons of the Property as additional security for the repayment of the Loan to Lender....

The assignment then includes provisions to be exercised by the Bank in the event of default including collection of rents, profits, and income.

The Bank gave value in the form of a loan and the Hotel has rights in the property. Therefore, between the parties here the Bank has a valid security interest in the revenues. *Branch v. Steph, supra.*

### IV.

■ The Hotel also contends that the order appointing the receiver should be vacated because of the Bank's failure to file a cost bond pursuant to § 13–16–101, C.R.S. (1987 Repl.Vol. 6A). We disagree.

Section 13–16–101 requires a nonresident plaintiff to file a cost bond or equivalent. The record here reflects that the Bank is a nonresident plaintiff. Under § 13–16–102, C.R.S. (1987 Repl.Vol. 6A), a defendant may move for an order setting a date by which the plaintiff must provide security for costs. If the instrument is not filed by the date set in the order, the case must be dismissed. *See Edgar Gold & Silver Min-*

*ing Co. v. Taylor,* 10 Colo. 110, 14 P. 113 (1887).

Here, the court denied the Hotel's motion to dismiss or to require cost bond. Such ruling was improper. However, we conclude that the order appointing the receiver need not be vacated.

The order denying a cost bond is reversed, and the cause is remanded with directions to set a date for the filing of a cost bond by the Bank. The orders denying the motion to vacate receivership and motion for reconsideration are affirmed.

CRISWELL and DUBOFSKY, JJ., concur.